## SUPREME COURT.

### COMPTON agt. GREEN & IDE.

The mere *pendency* of another action between the same parties does not constitute a legal bar in any case. It must be shown that the action has been brought to a *trial*, in order to plead it in bar effectually.

By the true construction of *section* 50, *sub.* 7, of the justices' act, (2 *R. S.* 234,) the *set off* there mentioned must be of a demand existing against the plaintiff or plaintiffs *alone*, and not against him or them together with others.

The pendency of a former action between the same parties, for the same cause, may be pleaded in *abatement* to the second action where the latter action is *vexatious*.

Where, in an action upon a note and upon an account, the defendants in their answer allege they were formerly copartners—that before the commencement of this action one of them duly assigned all his interest in an account against the plaintiff to the other—that there was then an action pending and undetermined before a justice of the peace, in which one of the defendants, the assignee of the account, was plaintiff, and the present plaintiff was defendant, claiming to recover for such account, and in which action the present plaintiff claimed to *set off his account* in this action—*held*, on demurrer to the answer, that the plaintiff in this action was not bound to rely upon enforcing his demand against one of the defendants, when both were liable. Besides, the set off in the first action could not have been *effectual*—not being against that plaintiff alone in that action.

*Steuben Circuit and Special Term, May,* 1853. Demurrer to answer.—The complaint contains two counts or statements of causes of action : one upon a note and the other upon an account for goods sold, &c.

The answer demurred to states that on the first day of June, 1851, and from that time to the commencement of this action, the defendants were copartners in the business of blacksmith-

ing. That on the first day of January, 1853, the plaintiff was indebted to the defendants in $100, for work and labor, &c. That since that time, and before the commencement of this action, the defendant Green duly assigned all his interest in said account to the defendant Ide. That at the time of the commencement of this action there was an action pending and undetermined before George S. Pattison, a justice of the peace of Steuben county, in which said Ide is plaintiff and this plaintiff is defendant, and in which said Ide claims to recover for the said account against the present plaintiff, and in which the present plaintiff claims to set off against the aforesaid account the account mentioned in the complaint in this action.

To the defence, so set up, the plaintiff demurs, on the ground that such answer does not contain facts sufficient to constitute a defence.

The grounds of insufficiency are stated in the demurrer to be: 1st. That the answer does not allege or show that the action before the justice is pending and undetermined. 2d. That it does not allege or show that the said action before the justice has been tried and submitted, or that the plaintiff's account in this action has been submitted to or passed upon by the justice.

D. J. SUNDERLIN, *for Plaintiff.*

B. BENNETT, *for Defendants.*

WELLES, Justice. The matters of defence set up in the answer in question do not amount to a bar to the action, as there is not enough alleged to give them that effect. It is not shown that the action before the justice has ever been brought to a trial, and until that appears, nothing has occurred to bar the plaintiff from sustaining this action. The mere pendency of another action between the same parties does not constitute a legal bar in any case.

But it seems to me there is a more serious objection to this answer. The action before the justice was in favor of only one of these defendants, and the claim for which this action is brought is against both of them. If this plaintiff was bound to set off the present demand in the action brought by Ide, he

would be obliged to be content with a judgment against him alone for any balance which might be found due to him, not exceeding one hundred dollars. (2 *R. S.* 235, § 52.) It is obvious, that if this were allowed great abuse and injustice might be practised. A man might have a legal demand against two persons jointly, one of whom is solvent and the other insolvent, amounting to one hundred and ten dollars, and they might have a demand against him amounting to ten dollars. The solvent one of the former only has to sell and assign his interest in the ten dollar demand to the insolvent one, and he to bring his action, and thus the only one of the two who is able escapes the payment of the balance.

By sub. 7 of section 50 of the justices' act, (2 *R. S.* 234,) the set off must be of a demand existing against the plaintiff in the action. The true construction, I think, of this subdivision is that the set off must be of a demand existing against the plaintiff or plaintiffs alone, and not against him or them together with others.

The matter of the answer is put forth as a statute bar under section 57 of the statute before mentioned. It cannot be regarded as matter in abatement.

The pendency of a former action between the same parties, for the same cause, may be pleaded in abatement to the second action. The object of this rule is to prevent vexation, (*Gould's Pleading*, ch. 5, § 122, p. 283,) and the plea can never prevail except in cases where the second suit is vexatious. That cannot be said of this action, because it is the only one the plaintiff has brought. He was not bound, for the reasons suggested when considering the answer as a bar, to rely upon enforcing his demand against one of the defendants, when both of them were liable. That he claimed the right to set off his demand before the justice, does not alter the case, because, 1st. It was not a case allowing of setting it off, as before shown; and, 2d. It was in his power to have withdrawn it, and *non constat* but he has; and, 3d. If he had set it off in the first action, it would, for the reasons before mentioned, have been *ineffectual.* (*Gould's Pl., ch.* 5, § 126, p. 285.)

In my opinion plaintiff is entitled to judgment on the demurrer.