RITTER *et al.* v. WORTH, appellant.

*Deed — Certificate of acknowledgment — Pendency of former action not a bar — Fraud — Void tax deed.*

The certificate of acknowledgment of a deed need not state that the evidence of a witness who swears to the identity of the grantors, is " satisfactory evidence " to the officer taking the acknowledgment; nor that the witness is known to the officer; nor that he testified to his residence. It is otherwise where a subscribing witness makes an acknowledgment as such.

The mere pendency of a former action is not a legal bar, even if between the same parties.

Where the purchaser of property has the deed made in the name of another, and that other gets possession of the deed after its delivery to the purchaser, the fact that he so ·gets possession by fraud, will not vitiate his title nor the title of his grantees, having knowledge of the fraud.

Where land is not assessed in the name of its owner or occupant, and the tax for which it is sold is in excess of the tax levied, a deed given by the comptroller, on the sale of said lands for taxes, is void.

ACTION to recover the possession of real estate.

The plaintiffs alleged that they were owners in fee and entitled to the possession of three lots — Nos. 10, 12 and 24 — in the village of East New°York, and that defendant unlawfully entered into and retained possession thereof.

The defendant, answering, denied the allegations of the complaint, and alleged as to lot 24, that in 1866 it was duly sold by the comptroller of the State for .taxes to one Peck, and that said Peck assigned the certificate of sale to defendant for a good consideration;.that in 1869 the said comptroller executed° and delivered to defendant a deed of said lot and defendant entered into and took possession of said lot and has since been in possession thereof.

As a third answer the defendant alleged as to lots Nos. 10 and 12,

that under a decree made in 1839 by the court of chancery in a certain action, the said two lots were sold at public auction on the 7th July, 1841, by a master in chancery, and that defendant was the purchaser and paid the purchase price therefor; that one Wolters desiring to purchase of defendant said lots and promising to pay therefor a certain sum, defendant, at his request, had the deed from the said master made out to, and in the name of, said Wolters, but delivered into his (defendant's) possession; that afterward said Wolters, representing that he desired to take the deed to show to his wife and to raise the money, and promising to return immediately with the deed and the money, obtained possession of said deed; that said Wolters never returned the deed nor paid any part of the agreed sum, but fraudulently converted the deed to his own use; that said Wolters never entered upon or had possession of said lots, but that defendant, in the month of August, 1841, took and has since held possession thereof, has paid the taxes and made improvements.

Defendant further alleged that said Wolters in September, 1841, pretended to convey said two lots to one Oberkircher and that the latter in 1843 pretended to convey them to one Eck, and that said Eck in 1845 pretended to convey them to one Ritter, under and through whom plaintiffs claim title; that all said persons and parties well knew that Wolters had never paid for said lots; that neither of said persons was, nor were the plaintiffs, ever in possession of said lots, but that defendant had possession thereof adversely to all said parties, and that all said pretended conveyances were contrary to the statute and void. The defendant further alleged that an action, commenced by said plaintiffs and another, to recover possession of said lots was still pending in the supreme court, which action he claimed to be a bar to this.

At the trial plaintiffs introduced in evidence a deed of said lot No. 24, dated August 13, 1841, from a master in chancery to Philip Oberkircher; also a deed of lots Nos. 10 and 12, dated August 13, 1841, from the same master in chancery to Augustus Wolters; also a deed of said lots 10 and 12, bearing date 25th September, 1841, from said Wolters to said Oberkircher.

Defendant objected to the admission in evidence of the last-mentioned deed on the ground that it was not properly acknowledged, and that the officer taking the acknowledgment did not either certify that he knew, or had satisfactory evidence that the persons

making the acknowledgment were the individuals described in, and who executed, the said deeds. The court overruled the objection and admitted said deed. The certificate of acknowledgment of said deed was as follows:

" CITY AND COUNTY OF NEW YORK, *ss.:*

·  " On this 25th day of September, 1841, before me came Augustus Wolters and Minetta Wolters, his wife, who severally acknowledged, Minetta Wolters apart from her husband, that they had executed the within deed, Minetta Wolters declaring it to be done on her part without fear or compulsion of her husband; and at the same time appeared before me John A. Stemmler to me known, who being duly sworn, deposed that he resided in this city, and that he knows Augustus Wolters and Minetta Wolters, the parties before mentioned to be the individuals described in and whom he saw execute the within deed, and that he, deponent, subscribed his name as a witness thereto."

The plaintiffs next offered in evidence a deed of said lots, Nos. 24, 10 and 12, bearing date 16th February, 1843, from Philip Ober-kircher to Jacob Eck. The certificate of acknowledgment thereto was as follows:

" CITY AND COUNTY OF NEW YORK, *ss.:*

·  " On this 16th day of February, 1843, before me personally came Philip Oberkircher and Caroline, his wife, proven to me by the oath of John A. Stemmler, who being by me duly sworn, did depose and say, that he resides in the city of New York; that he knew the said Philip and Caroline to be the same persons described in and who have executed the foregoing indenture, and the said Philip and Caroline thereupon acknowledged that they had executed the same, and the said Caroline," etc.

The defendant objected on the grounds before stated, and on the additional ground that the officer did not certify that the witness Stemmler was known to him. The court overruled the objection, and admitted the deed in evidence.

The plaintiffs next offered in evidence a deed of said lots, Nos. 24, 10 and 12, dated September 8, 1845, from Jacob Eck to John Ritter. The certificate of acknowledgment thereto was as follows:

"CITY AND COUNTY OF NEW YORK, *ss.*:

"On, etc., before me came Philip Oberkircher, of said city, who being by me duly sworn, did depose and say, that Jacob Eck and Barbara, his wife, then present, were known to him to be the individuals described in and who executed the within conveyance, which is to me satisfactory evidence of the identity of said persons, and the said Jacob Eck," etc.

Defendant objected to the admission of the deed on the ground that the officer taking the acknowledgment did not state that he knew the witness. Objection overruled.

Plaintiffs proved the death of John Ritter, and that they were his heirs.

Defendant introduced in evidence the deed of lot 24 from the comptroller of the State to himself, and offered the pleadings in an action against him, commenced in 1869 by these plaintiffs and one Jane Ritter, to recover possession of the same lots Nos. 10 and 12, and to prove that said former action was still pending, and was a bar to this action. This evidence was objected to on the ground that the parties to the former action were not the same as in this, and the objection was sustained.

Defendant also testified to purchasing lots Nos. 10 and 12, at the master's sale in 1841, as stated in his answer. Defendant offered evidence of the matters alleged in his third answer, which was objected to and excluded.

The plaintiffs further introduced evidence showing that the tax for which lot 24 was sold by the comptroller to defendant was not assessed in the name of the owner or occupant of the property, and that the amount sold for was in excess of the tax levied, and that the certificate of the comptroller for the year 1860, for which tax the property was sold, did not correspond in description with the county treasurer's roll in name or amount. On this evidence plaintiff based a motion that the question as to lot 24 be taken from the jury. The court directed the jury to find a verdict for the plaintiffs as to lot 24.

The evidence was conflicting as to whether plaintiffs had been in possession of lots 10 and 12 within the period of twenty years.

The issues as to lots 10 and 12 having been submitted to the jury, they returned a verdict for the plaintiff. From the judgment entered thereon and from an order denying a new trial, defendant appealed to this court.

*Samuel W. Judson,* for appellant.

*Daly & Brower,* for respondents.

BARNARD, P. J.    The jury have settled the question of adverse possession as to lots ten and twelve between these parties.   The evidence was conflicting upon the point, and even if we thought the jury came to a wrong conclusion, the rule. is entirely settled, that an appellate court should not interfere with the verdict.   The acknowledgments to the deeds are not defective.   The deed from Wolter to Oberkircher is objected to, because the certificate of acknowledgment does not contain therein the clause that the evidence of the witness who swears to the identity of grantors is " satisfactory evidence " to the commissioner of deeds.   The law makes the oath of the witness satisfactory evidence, and the commissioner had no power to refuse it credence.

The deed from Oberkircher to Eck is objected to for the same reason, and for the additional reason that the certificate does not set out the commissioner's knowledge of the witness.   The witness did not prove the acknowledgment as subscribing witness.   The certificate recites that the identity of the grantors was " proven by the oath of John A. Stemmler."   It is only when the subscribing witness makes an acknowledgment as such, that the officer need certify his knowledge of the witness being the same man whose name is affixed to the deed.   The subscribing witness as such, proving a deed, must testify to his residence.   The deed from Eck to Ritter is acknowledged by the parties.   Their identity only is proven by the witness.   This disposes of the objection to that deed.

The mere pendency of a former suit, if between the same parties, is not a legal bar.   9 How. Pr. 228.   This action is not between the same parties.

The offer to prove the third answer was properly rejected.   The delivery of the deed by the master in chancery to the defendant was a delivery to Wolters, and he had the right to its possession. No fraud by which he got possession, if known to his grantees, could destroy his or their title.   The deed was made out to Wolters, was intended so to be by defendant, and by his direction and was delivered to him when defendant took it.

As to lot twenty-four, the question is one of law, and was properly disposed of at the trial.   The land was not assessed to the

owner or occupant, and the tax for which the premises were sold did not correspond with the tax imposed, but was in excess of it. I think the authorities sustain the judge at circuit in holding that under the evidence in this case, the plaintiff was entitled, as matter of law, to a verdict for this part of the premises claimed by plaintiffs.

*Judgment affirmed with costs.*