## N. Y. SUPERIOR COURT.

FREDERICK PUSTET *et al.* agt. WILLIAM P. FLANNELLY and HUGH FLATTERY.

*Interpleader — when motion for, should not be granted — Code of Civil Procedure, section 820.*

The provision of the Code of Civil Procedure (*sec.* 820) for interpleader by order is a substitute for the old action of interpleader, and is governed by the same principles. It appeals to the equitable discretion of the court.

Such an application ought not to be granted where it clearly appears on the face of the papers that the claim of the third party is frivolous and without validity.

*Special Term, November,* 1880.

MOTION for interpleader.

The plaintiffs, who are bankers, sue the defendants upon a promissory note for $1,000, made the 11th of June, 1879, by the defendant Flannelly to the order of the defendant Flattery, payable fifteen months after date. This action was begun October 11, 1880.

The defendant Flannelly acknowledges his obligation to pay the note, but says that one Samuel Marsh was appointed the receiver of the property of the defendant Flattery, in proceedings supplemental to execution, on or about the 21st day of June, 1880, and that the receiver has made a demand that the amount of the note now sued upon should be paid to him, claiming that the note belonged to him by virtue of his appointment as receiver. Flannelly now moves for leave to pay the money into court, and to have the receiver substituted as a defendant in his stead.

This motion is resisted by the plaintiffs, who recite that on the 7th day of September, 1880, and before the note was due, they received the note in question from the defendant Flattery, who was not only the actual possessor but the payee named in the note, and discounted it for him, then and there paying him the amount of the note, less the discount, to wit, $998.60; that they then deposited the note with the Irving Bank for collection, where it was protested for non-payment. They make profert of their check with which they paid for the note.

*Peter Condon*, for motion.

*C. W. Towne*, for plaintiff, opposed.

Russell, *J.* — The section of the Code (820) under which this motion is made reads as follows:

"The defendant against whom an action to recover upon a contract, or an action of ejectment, or an action to recover a chattel is pending, may at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place and to discharge him from liability to either on his paying into court the amount of the

debt, or delivering possession of the property or its value, to such person as the court directs. The court may, in its discretion, make such an order."

It has been uniformly held that this provision of the Code for interpleader by order is a substitute for the old action of interpleader, and is governed by the same principles. It appeals, as the closing paragraph indicates, to the equitable discretion of the court. According to all the cases reported such an application ought not to be granted where it clearly appears on the face of the papers that the claim of the third party is frivolous and without validity (*Trigg* agt. *Hitts*, 17 *Abb.*, 436; *Johnston* agt. *Lewis*, 4 *Abb.* [*N. S.*], 150; *Mohawk and H. R. R.* agt. *Clute*, 4 *Paige*, 384; *Shaw* agt. *Coster*, 8 *Paige*, 347, 348; *Wilson* agt. *Duncan*, 8 *Abb.*, 354; *Doran* agt. *Fox*, 61 *N. Y.*, 264, 268).

In the last case cited the court say: "It must appear that there is some doubt — this means reasonable doubt — to which of the claimants the debt or duty belongs." In the case at bar the plaintiffs, in good faith and for full value, purchased the note in question from the nominal payee and the apparent owner without notice of any claim by anybody else. This made their title to that note good as against all the world (*Belmont Branch Bank* agt. *Hoge*, 35 *N. Y.*, 65; *S. C.*, *below*, 6 *Bosw.*, 553).

It is not pretended by the defendant nor by the receiver, who appears upon this motion, that the receiver ever had possession of the note in question, or any knowledge of its existence, until long after it became due, and until long after the plaintiffs' rights had fully matured. Section 2469 of the Code relating to the receiver's title to personal property expressly says, in the closing paragraph, that the "section does not affect the title of a purchaser in good faith without notice and for a valuable consideration." Upon a trial, if the same facts were presented by evidence as are here presented by affidavit, the court would at once direct a verdict for the plaintiffs. I can see, therefore, no reason why this money, to

which the plaintiffs are clearly entitled, should be impounded to await the long delay which would be inevitable by reason of the great volume of business in the courts. The position and character of the parties make an additional reason why this money should not be so impounded. If the receiver were substituted as a defendant upon the petition of a debtor against whom the receiver made a claim, the plaintiff could not demand security for costs, nor could he probably obtain any judgment for costs as against the receiver, because the receiver, as such, is confessedly without funds from the trust estate with which to pay any such costs, and he might justly appeal to the court not to compel him personally to pay costs under such circumstances. On the contrary, it is the custom in these actions to award costs out of the fund in court to all the parties, unless there are special and strong reasons for not doing so. The result then of granting this motion would be to impound a considerable sum of money to which the plaintiffs are justly entitled, for an indefinite time subject the plaintiffs to additional expense in contesting a claim which must eventually be decided in their favor, and possibly to costs, great or small, in recovering what the court can now see is clearly their own.

It may be said that the conclusion above stated is drawn from the affidavits, and decides upon mere affidavits the merits of a controversy which it is the object of an interpleader to have decided upon sworn testimony at a trial. The answer to that suggestion is, that this is a motion made upon affidavits, and to be decided upon affidavits, in which the *bona fides* of the plaintiffs is not even questioned, and where the only response to their positive and circumstantial allegations is a mere denial of knowledge whether or not those allegations are true.

The motion is therefore denied, with ten dollars costs.