(12 App. Div. 73.)

### WINDECKER v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, Fourth Department. December 15, 1896.)

1. INTERPLEADER—CHANGING NATURE OF ACTION—EQUITABLE RELIEF.
    An action at law becomes one in equity by an order of interpleader, and the service of pleadings thereunder presenting equitable issues; and therefore the equitable claim of one party to the fund may be allowed, though the legal title is in the other.

2. APPEAL—HARMLESS ERROR.
    A claimant in interpleader, who is allowed the full amount to which he is entitled, cannot allege as error that the holder of the fund in controversy was not required to pay interest on it, as the interest would inure only to the benefit of the other claimant.

3. SET-OFF—JOINT AND SEVERAL CLAIMS.
    A judgment recovered by defendants against plaintiff cannot be set off against a judgment recovered by plaintiff against one of the defendants in a subsequent action.

4. INTERPLEADER—COUNTERCLAIM EXTRANEOUS TO SUBJECT OF INTERPLEADER.
    Plaintiff in an action of interpleader cannot set up in his reply a counterclaim extraneous to the subject of the interpleader as a set-off against defendant's claim to the fund in controversy.

Appeal from special term, Utica county.

Action by John W. Windecker against the Mutual Life Insurance Company of New York to recover on an insurance policy on the life of Solon Pickert. Ellen Pickert, as administratrix of the estate of Solon Pickert, deceased, was made a party defendant by order of interpleader. From a judgment awarding plaintiff a portion of the amount of the policy, and the residue to defendant Ellen Pickert as administratrix, etc., plaintiff appeals. Affirmed.

This judgment grew out of the following facts: On the 23d day of January, 1875, the insurance company issued a 10-year life, limited-payment policy, for $1,500, on the life of Solon S. Pickert. Pickert paid the first premium, and on the 27th of January, 1875, the said Solon S. Pickert made an absolute assignment of said policy, and delivered the same to the plaintiff. On the same day he entered into an agreement in writing with the plaintiff, which is known in the record as "Schedule B," which recited that John Pickert, the grandfather of Solon, had in 1837 devised by will to his son, Emilius Pickert, the father of Solon, 68 acres of land, situate in the town of Fairfield, Herkimer county, for and during the natural life of Emilius, and, in case that Emilius left a child or children, him surviving, then this real estate should go to such child or children, and that said Solon S. Pickert desired to sell said real estate, or his interest therein; and the agreement provided that "Solon, in consideration of the sum of $500 to him paid, sold, set over, transferred, and assigned all his right, title, and interest in said land to the plaintiff, his heirs and assigns, forever, and that said Solon, immediately on the death of his said father, Emilius, should make and deliver to the plaintiff a good and sufficient deed of conveyance, with the usual covenants of warranty, of all his share, right, title, and interest in said lands, or any part thereof, the title to which should descend to him by virtue of said will [the will of the grandfather] in case of his father's death." The agreement further recited the risk attending the transaction by reason of the possibility of the death of Solon before that of Emilius, and that Solon had procured and perfected a life insurance policy upon his own life for the sum of $1,500 in the said insurance company, and continued: "Now, therefore, the said Solon S. Pickert hereby further covenants, promises, and agrees to also sell, assign, transfer, and set over to said Windecker the aforesaid policy of insurance, and all the money which may become due thereon, to have and to hold the same as security for the repayment of said five hundred dollars, interest, and disbursements herein provided for."

The agreement further provided that Solon should keep the insurance policy in full force, and pay all dues and premiums thereon, and, in case of default, the plaintiff might pay the same, and keep the policy in life and good, and for such payments the plaintiff should have a further lien upon the policy for repayment, with interest, of such disbursements, added to the principal sum, above stated, of $500 and interest thereon, and that the plaintiff, upon the death of Emilius, and upon the execution and delivery to him of the said deed by the said Solon, and upon payment to him of all moneys annually expended by him to keep said policy in life, covenanted to retransfer and assign said policy to said Solon for his use and benefit. And it was further provided that the plaintiff was to have and to hold said life insurance policy until he should be fully repaid and reimbursed and made good, as well for said principal sum of $500 and annual interest thereon, as for all premiums and disbursements to keep said policy in life, with annual interest from the date of said expenditures and disbursements. Solon S. Pickert failed to make the annual payments except the first; the plaintiff making the other nine payments, the last payment being made January 23, 1884. Annually, from 1885 to 1890, inclusive, the plaintiff received dividends on the account of said policy. Emilius Pickert died in 1889, leaving, surviving him, six children. On the 12th of May, 1890, Solon S. Pickert was duly adjudged a lunatic, and confined in an asylum, and the defendant Ellen Pickert was appointed his committee, and continued to act as such committee down to the time of the death of Solon, which occurred October 5, 1892. On the 17th of October, 1892, Ellen was appointed administratrix of the effects of Solon. Due proofs of the death of Solon were made out and delivered to the insurance company October 25, 1892. By the terms of the policy the insurance was to be paid within 60 days after the proofs were delivered. There was due from the company upon this policy, at that time, two dividends, of $10 each, making the whole sum $1,520.

The plaintiff and Ellen Pickert, as administratrix, both claimed from the company the whole fund. Each brought actions in this court, separately, against the insurance company, to recover the same, whereupon the company moved, upon notice to the plaintiff and to Ellen S. Pickert, at the Onondaga special term, on the 1st day of September, 1894, for an order of interpleader under section 820 of the Code of Civil Procedure. The plaintiff and the said Ellen, by their respective counsel, appeared upon the said motion, and seemed to have made no objection to the granting of the same, whereupon the court ordered as follows: "That Ellen Pickert, as administratrix of the goods, chattels, and credits of Solon S. Pickert, be joined as an additional defendant in this action, and that the summons and complaint herein be deemed amended accordingly." The motion was made in this action, which had been instituted by the plaintiff, and the order enjoined Ellen, as administratrix, from commencing any other action against the company upon the life insurance in question, and that all proceedings upon her action brought against the company should be perpetually stayed. Whereupon the plaintiff served a supplemental summons and complaint, which was served upon Ellen Pickert, and they, respectively, answered the same. The complaint alleged the policy, and the facts hereinbefore set forth as to the assignments and the disbursements by the plaintiff, and as to Schedule B, and set forth the order of interpleader, and the due entry thereof, and demanded judgment that the defendant the Mutual Life Insurance Company of New York pay over to this plaintiff the sum of $1,520, with interest thereon from the 5th of October, 1892, and for such other relief as the court might grant, with costs. No relief was demanded against the defendant Ellen S. Pickert, or demand made for the execution of the deed with covenants, as specified in Schedule B. The defendant Ellen S. Pickert answered the supplemental complaint, and, among other things, alleged that on the 19th of January, 1891, and while she was acting as the committee of Solon S. Pickert, she applied to the plaintiff for an accounting and settlement as to the matter of the insurance policy, and as to the disbursements of the plaintiff in regard to the same, with a view of paying such disbursements of the plaintiff, and procuring a reassignment of the policy, as provided in Schedule B, but that the plaintiff refused to make any settlement or accounting, and claimed to be the absolute owner of the policy, and denied any right of the said Solon S. Pickert therein, and also alleging the receipt by the plaintiff of dividends upon the policy, alleging the full performance by Solon S. Pickert of Schedule B, upon his part, the death of said Solon, her appointment as administratrix, and demanding that the said in-

surance company pay to her the full amount of the said policy, with interest, and the accrued dividends, and that, in case the court should hold that the plaintiff had any interest in said policy of insurance for any money paid out by him on the account thereof, the court direct an accounting on his part of the moneys received and paid out by him, and the interest thereon, and for such further relief as the court might grant. The defendant, the life insurance company, also made answer, admitting that it held the sum of $1,500 insurance and $23 dividends upon said policy, which they were ready to pay upon an adjudication by the court as to whom of the respective claimants thereto it belonged, and asked that it have costs of the action. The plaintiff replied to the answer of Ellen Pickert, denying that he had claimed to be the sole owner of the policy, and that he had refused to settle and account for the moneys expended thereunder, with other denials.

The action was tried, and the trial court found, among other things, "that on the 19th day of January, 1891, at the plaintiff's residence, the said Ellen Pickert, as such committee, personally requested the plaintiff to account for the moneys paid out by him under said agreement of January 27, 1875 [Schedule B], upon said policy of insurance, and offered to pay and reimburse him for the moneys so paid out, and interest, if he would assign and deliver to her, as such committee, said policy of insurance, and that thereupon the plaintiff declined and refused to account, and refused to assign and deliver said policy to her, but stated and claimed that he owned said policy, and that she had no interest in it as such committee, and that said Solon S. Pickert had no interest in it; that at said time the said Ellen Pickert made no tender, and had no money there for that purpose." The trial court also found: That there was due from the insurance company, at the date of the decision, the sum of $1,645.14, which included the amount of the policy, the unpaid dividends, and interest on $1,520 from the commencement of the action, August 12, 1894. No interest was allowed after the expiration of the 60 days from the service of proofs of loss until the commencement of the action. That the plaintiff had paid out, on account of said policy, the sum of $504.30 in the nine payments of premiums referred to, for which he was entitled to recover, with interest on the several premiums paid from the dates thereof, respectively, less the sum of $48.20 received by him in dividends, and the accrued interest on such dividends, which, after such deductions, left the amount due the plaintiff, on account of said policy, the sum of $919.98, and that the defendant Ellen Pickert, as such administratrix, was entitled to what remained of the said sum of $1,645.14, after deducting the sum due to the plaintiff, which remaining amount was $725.16. The trial court further found that Solon S. Pickert had brought an action in this court, while a lunatic, against the plaintiff herein, Frederick Windecker, and Joseph T. Wooster, and on the 3d day of March, 1892, the complaint in that action was dismissed, with a separate bill of costs against the plaintiff in favor of the defendant, Frederick Windecker, and the plaintiff herein, for the sum of $87.20, and the further bill of costs in favor of Frederick and John W. Windecker and Joseph T. Wooster for the sum of $62.96, and that the said Solon S. Pickert appealed from said judgment to the general term of this court. Pending said appeal Solon S. Pickert died, and Ellen S. Pickert, as administratrix, was substituted for herself as committee. The judgment was affirmed upon appeal, with a judgment for costs in favor of the said Frederick and John Windecker and Joseph T. Wooster of $85.68. The trial court held, as a matter of law, that neither of the judgments for costs heretofore mentioned was a counterclaim or offset in any manner to the claim of the defendant Ellen S. Pickert, as administratrix, in this action.

No appeal was taken from the order of interpleader, and the plaintiff only appeals from the judgment rendered herein. It appeared in evidence, and was not disputed upon the trial, that the plaintiff John W. Windecker and wife, on the 26th day of December, 1889, executed and delivered to Joseph T. Wooster a warranty deed, dated that day, whereby, in consideration of the sum of $704.79, they conveyed to said Wooster one undivided sixth interest in the said 68 acres of land, being the same interest that had been conveyed by Solon S. Pickert to the plaintiff by Schedule B, which deed was recorded in Herkimer county clerk's office. The action of Ellen S. Pickert as committee, in which the costs accrued as above stated, was an action for partition of the 68 acres, and the general term held that Schedule B operated as a conveyance to the plaintiff of the said sixth

interest, and consequently the plaintiff Solon S. Pickert had no interest in the land whereby he could maintain the action of partition. See case reported in 73 Hun, 476, 26 N. Y. Supp. 437.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

C. J. Palmer, for appellant.

P. C. J. De Angelis, for respondent Ellen S. Pickert.

Richard R. Martin, for respondent Mutual Life Insurance Company.

WARD, J.  As neither the Mutual Life Insurance Company nor Ellen Pickert, as administratrix, has appealed from the judgment entered upon the decision of the trial court, the objections urged by them, respectively, cannot be considered upon this review.  We will therefore examine only the objections taken by the appellant to the procedure below.

The appellant vigorously assails the conclusions of the trial court in regard to the refusal of the plaintiffs to account to Mrs. Pickert for his expenditures, and his claim of absolute ownership of the policy and its proceeds.  An examination of the evidence upon this subject discloses considerable evidence sustaining the contention of each party; but we are not able to find such a preponderance in favor of the appellant's contention as will justify us in overruling the conclusions of the trial court upon this question of fact, that court having had the witnesses before it, and in a better position to judge as to where the truth rested in the conflicting testimony.

The appellant also claims that as this action, as originally brought against the defendant the Mutual Life Insurance Company, was simply an action at law to recover the money that became due upon the death of Solon S. Pickert, and that it still retains its character as a legal action notwithstanding the order of interpleader, and that the trial court erred in not giving judgment to the plaintiff for the whole amount in the hands of the insurance company in the plaintiff's favor, because the plaintiff was entitled, under the contract and assignment from Solon S. Pickert, to recover the whole amount in the first instance.  By the order of interpleader, and the service of the supplemental complaint and answer, creating equitable issues, this action, if it ever had the character of a legal action, ceased to be such, and became an action in equity.  Dinley v. McCullagh, 92 Hun, 454, 36 N. Y. Supp. 1007; Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96. Section 820 of the Code of Civil Procedure is a substitute for the old action of interpleader, and is governed by the same principles. Schell v. Lowe, 75 Hun, 43, 26 N. Y. Supp. 991; Electric Co. v. Bloomer, 85 Hun, 389, 32 N. Y. Supp. 903; Pustet v. Flannelly, 60 How. Prac. 67.

The appellant further claims that he was entitled to costs, as a matter of course, upon his recovery, and the trial court erred in refusing them to him, and also erred in imposing costs upon him in favor of the defendant Ellen S. Pickert.  This being an equity action, as we have seen, the costs were in the discretion of the trial court,.

and the case was tried and disposed of upon equitable principles. The insurance company procured the proper order of interpleader, and remitted the contest to the real parties in interest in the fund,— the plaintiff and the administratrix. The trial court properly awarded costs against the plaintiff because of his refusal, as found by it, to adjust his claim, and insisting upon the absolute ownership in himself of the subject of the litigation, and thus compelling the administratrix to bring an action against the other defendant, which resulted in the consolidation of the actions originally brought, through the order of interpleader. We are unable to find in the record sufficient reasons for overruling the discretion of the trial court upon the subject of costs. Hodgkins v. Mead, 25 N. Y. St. Rep. 937, 5 N. Y. Supp. 435; Chadwick v. Wilson, 73 Hun, 485, 26 N. Y. Supp. 394.

The plaintiff also complains that the trial court did not require the insurance company to pay interest upon the $1,500 from the time the claim became payable under the policy, after the death of Pickert, to the commencement of this action, a period of about seven months. It is not perceived how the plaintiff is injured by this result. The judgment awards the plaintiff all that he is entitled to for the amounts expended by him and the interest; and, if interest had been charged upon the company for the period mentioned, it would only have swelled the amount to which the administratrix was entitled under the judgment; and, if error were committed in that regard, she is the only sufferer, and she cannot be heard to complain here, as she has not appealed from the judgment.

The appellant further claims that the costs that were awarded to the plaintiff in this action, and to other parties as defendants upon the trial and upon the appeal in the partition action, should have been allowed by the trial court, and deducted from the amount awarded to Mrs. Pickert, as a set-off or counterclaim. We are at a loss to discover upon what principle this contention can rest. The judgments for costs were joint judgments in favor of the plaintiff here and defendant there and other parties, and the proposition here is to set off joint judgments in favor of the plaintiff and others against the individual claim of Solon S. Pickert, deceased, as represented by his administratrix. A joint debt cannot be set off or counterclaimed against an individual debt. Campbell v. Genet, 2 Hilt. 290; Compton v. Green, 9 How. Prac. 228; Newell v. Salmons, 22 Barb. 647. This could not be done under the old statute of set-offs. 2 Rev. St. p. 354, § 18. Counterclaim embraces set-off and recoupment. Pattison v. Richards, 22 Barb. 146. And our statute of counterclaims is still broader, but it does not authorize a joint obligation to be set off against an individual one. Section 501, Code Civ. Proc. Again, the judgment for costs on the appeal was in effect a judgment against Ellen Pickert individually, as it arose after the death of Solon S. Pickert, and the plaintiff's claim for costs could not be counterclaimed against it. Mullen v. Guinn, 88 Hun, 128, 34 N. Y. Supp. 625. Section 3246 of the Code of Civil Procedure, cited by plaintiff's counsel, has no application to this case. 88 Hun, and 34 N. Y. Supp., supra. An independent counterclaim, as against the counterclaim

in the answer, set up in the reply, will not be sustained, but will be stricken out upon motion. Cohn v. Husson, 66 How. Prac. 150; Hatfield v. Todd, 13 Civ. Proc. R. 265. The attempt to litigate extraneous matters in such an action as this is contrary to the spirit and purpose of an action of interpleader. In that action a specific matter is put forth as the ground of contention. One party, as it were, holds a particular stake or property, subject to the contention of others who claim that same property. The contest proceeds between the claimants to the specific property involved, and as to that property alone. To permit outside issues and matters affecting the claimants, but not connected with the subject of the action, would confound the action, and lead to confusion, and compel the stakeholder to be a party to litigation in which he had no concern, and it cannot be tolerated.

Finally, we are met with objection of the plaintiff that, under Schedule B, the representative of Solon S. Pickert is not entitled to any relief out of the fund in controversy because of the covenant of Solon to give a deed with warranty upon the death of his father of the land upon which the $500 was paid. The remarks just made about matters foreign to the subject of interpleader being injected into this action are applicable here. Whether there was a breach of this covenant, and, if so, what was the effect of such breach upon the rights of Pickert, does not seem to have been specifically raised by the pleadings or litigated upon the trial. So far as the evidence went upon that subject, the plaintiff, with regard to the $500 investment, seemed to have been content with the price received for the land that had passed out of his ownership and possession, and the administratrix, upon the trial, made no claim to recover the land, but only her proportion of the insurance money. If this were an action for the reassignment of the policy, it might be urged with some force that the execution of this deed was a condition precedent to the right for a reassignment; but in this action the administratrix did not seek for a reassignment of the policy, or to recover the land, but to recover the money which belonged to her in equity. An assignment of the policy was not necessary to reach this result. In equity, the plaintiff had a mortgage or lien upon this fund for his advances, and, when that lien was satisfied, the balance of the fund belonged to the administratrix.

The claim of the plaintiff, that under Schedule B he has the right to hold all this fund indefinitely to meet some possible infirmity in the title to the land, in view of the facts above stated, and the further fact that his title has been sustained in an action in this court between the proper parties (73 Hun, and 26 N. Y. Supp., supra), cannot and should not prevail. It is purely technical. Another deed was unnecessary, as the plaintiff's title was perfect under Schedule B. The covenants of warranty in another deed would not strengthen that title, and, besides, the party who should execute such a deed with the covenants was dead. At all events, if we are to consider the question here, it should have been embraced within the issues, and passed upon at the trial.

'There was no difficulty in the trial court apportioning the fund in the hands of the insurance company according to the equitable rights of the parties. The fund was held by the company subject to the control of the court. The court may fasten upon this fund, in whole or in part, any equitable lien or trust which one of the parties may have established, though the proprietary legal title is in the other. The court should so shape its decree and distribute the fund as to do complete equity between the parties. Whitney v. Cowan, 55 Miss. 626. And such was the result in this case.

The judgment appealed from should be affirmed, with costs, to be paid by the appellant, to the .respondent, Ellen Pickert, as administratrix, and also the insurance company. All concur.