ings for the collection of the judgment on the faith of the undertaking, and there is nothing from which a mutual agreement can be inferred that proceedings on the judgment should be stayed in consideration of the undertaking, or from which a request for forbearance, acted upon by the respondent, can be inferred."

There is in this case no allegation in the complaint and no proof upon the trial that the respondent on the appeal from the order of April 3d agreed to or did actually refrain from seeking to reap the fruits of his successful motion. We are not, nor was the court below, advised that this plaintiff did not proceed to accomplish the restitution which Johnson had been directed to make; and in that particular the case is completely distinguishable from Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399, and Concordia S. & A. Assn. v. Read, 124 N. Y. 189, 26 N. E. 347, and Carr & Hobson v. Sterling, 114 N. Y. 558, 22 N. E. 37. In those cases the recovery was allowed upon the undertakings on the ground that they were common-law obligations, with sufficient considerations to support them, and that these considerations were the actual forbearance by the successful parties, in whose favor the undertakings were given, from prosecuting during the pendency of the appeals. The giving of the undertaking here was an idle ceremony, and accomplished nothing; and, inasmuch as the case is without any feature from which the court was authorized to find a consideration sufficient to support a common-law obligation, the judgment was erroneous. See Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194.

The judgment, therefore, must be reversed, and a new trial granted; costs to abide the event. All concur; HIRSCHBERG, P. J., in result.

---

(44 Misc. Rep. 316.)

VANDEWATER v. MUTUAL RESERVE LIFE INS. CO. et al.

(Supreme Court, Special Term, New York County.  July, 1904.)

1. TRIAL—SPECIAL TERM—PREFERENCE.

An insurance company, a sole defendant, holding a fund which plaintiff claimed, interpleaded, and made defendant another claimant of the fund. The sole plaintiff was an administrator. *Held*, that the action was triable by the court, and plaintiff, as administrator, was entitled to put it on the Special Term calendar, and have it preferred, under Code Civ. Proc. § 791, subd. 5.

Action by Joseph E. Vandewater against the Mutual Reserve Life Insurance Company and others. Motion to strike cause from Special Term calendar. Denied.

George W. Sandford, for plaintiff.
Forbes J. Hennessy, for defendant Ransom.
George Burnham, Jr., for defendant Mutual Reserve Life Ins. Co.

GILDERSLEEVE, J. The motion is for a preference on the ground that an administrator is the sole plaintiff. Code Civ. Proc.

¶ 1. See Interpleader, vol. 29, Cent. Dig. § 58.

§ 791, subd. 5. It is objected that the case is improperly on the calendar of the Special Term, for the reason that the amended complaint demands a money judgment only. Section 968 of the Code of Civil Procedure provides that an action wherein the complaint demands judgment for a sum of money only must be tried by a jury, unless a jury trial is waived, or a reference ordered. In the case at bar no reference has been ordered, and the plaintiff has not waived a jury trial. The case was put on the Special Term calendar and noticed for trial at that term by the defendant Ransom only, who also makes this motion for a preference. The action was originally brought against the defendant insurance company alone. Subsequently, on motion of the said insurance company, Ganney P. Ransom, as executrix, etc., was interpleaded and made a party defendant. The plaintiff and defendant Ransom have no right of action at law against each other, but by an order of interpleader they have been brought together to litigate the question which of them has the better right to the fund in the hands of the defendant insurance company, which last-named defendant makes no claim to the said fund on its own behalf, but stands ready and willing to pay it over to whichever party is adjudged to be entitled thereto.

This action comes within the authority of the cases of Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798, and Windecker v. Mut. Life Ins. Co., 12 App. Div. 73, 43 N. Y. Supp. 358. In the first case it was held that where, in an action at law, a third party, claiming to own the cause of action, has been brought in and substituted as defendant, and the original defendant discharged on payment into court of the amount of the demand, in pursuance of section 820 of the Code of Civil Procedure, the action thereafter becomes an equitable one, triable by the court, and neither party has a right to a jury trial. The facts in that case differ from those in the case at bar in that there the original defendant was discharged upon paying the fund into court, while here the insurance company remains a party, and holds the fund subject to the directions of the court. This difference, however, does not take this case out of the principle there laid down by the Court of Appeals. Still more directly in point here is the case of Windecker v. Insurance Co., above cited, as in that case the original defendant was not discharged by the order of interpleader, and the court held that by an order of interpleader and the service of the supplemental complaint and answer in the action to determine the ownership of the fund equitable issues were created, and, whatever the action may have originally been, it thenceforth became an action in equity. It must be held, therefore, that the case at bar is properly on the Special Term calendar, and that it is entitled to a preference under section 791, subd. 5, of the Code of Civil Procedure.

Ordered accordingly.