RUNDLETT & REYNOLDS, Inc., v. WHITALL.

(Supreme Court, Appellate Term.  May 13, 1912.)

ABATEMENT AND REVIVAL (§ 8*)—COUNTERCLAIM—MUNICIPAL COURTS—RIGHT TO INTERPOSE—OTHER ACTION PENDING.

Since Municipal Court Act (Laws 1902, c. 580) § 157, allows a defendant with a counterclaim in excess of the court's statutory $500 jurisdiction to interpose the same and have judgment for the jurisdictional amount, and may bring another action for the difference, and since the pendency of an action will not abate a second action between the same parties except where the second action is vexatious, a defendant sued in a Municipal Court, and having a claim against the plaintiff for $1,700, is not precluded from setting it up as a counterclaim by the fact that he had already brought action upon it in another court.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–56, 58–63. 68–72; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Rundlett & Reynolds, Inc., against W. Van R. Whitall. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Waldo & Ball, of New York City, for appellant.
Henry G. K. Heath, of New York City, for respondent.

LEHMAN, J.  The plaintiff has brought an action for the sum of $340.04 in the Municipal Court. The answer sets up a counterclaim, alleging damages of $1,700, and asking an affirmative judgment for a portion of the said claim not exceeding $500. It appeared at the trial that a prior action was pending between the same parties in the County Court of Westchester county upon the cause of action alleged in the counterclaim. The learned trial justice thereupon dismissed the counterclaim without prejudice.

It seems to me that this dismissal was error. It is true that the plea of another action pending is ordinarily good against a cause of action alleged in a counterclaim as well as against a cause of action alleged in a complaint (Ansorge v. Kaiser, 3 N. Y. Supp. 785), and the Code (section 495) expressly provides that, where this objection appears on the face of the counterclaim, a demurrer thereto will lie. The object of the rule that the pendency of a former action between the same parties for the same cause may be pleaded in abatement to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the second action "is to prevent vexation and the plea can never prevail except where the second suit is vexatious." Compton v. Green & Ide, 9 How. Prac. 228. There can be no doubt but that a suitor having a claim against another person has the right either to bring an independent action or in a proper case to interpose his cause of action as a counterclaim or set-off. Ordinarily, where he has chosen to bring an independent action, he may interpose his claim as a counterclaim only after discontinuing his prior action, for the law does not look with approval upon the pendency of two actions where full relief may be afforded in one action. The Municipal Court has not, however, jurisdiction to award judgment upon a counterclaim for more than the sum of $500. This defendant, therefore, by interposing his counterclaim, cannot obtain the full relief claimed upon his cause of action. Nevertheless, he is not entirely precluded either from interposing his claim as a counterclaim or from obtaining in another action the relief which the Municipal Court cannot give him. By section 157 of the Municipal Court Act he is expressly given both these rights. A judgment in the Municipal Court upon his counterclaim would not bar a larger recovery in another action in a court of greater jurisdiction, and the pendency of an action in such a court is not vexatious, and should not bar the defendant from interposing his counterclaim.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.