rogate's court in which the proceedings are to be had, and that they are to be had in that surrogate's court of the county in the state which has jurisdiction to grant letters testamentary or of administration of the estate of a decedent whose property is chargeable with the tax, or to appoint a trustee of the estate or any part thereof, or to give ancillary letters thereon.' Or, to state it differently, the provision relates to the officer by whom, and the place in which, the proceeding is to be had, and the reference is to potential jurisdiction, and not to its actual exercise or the necessity of actually exercising it. There is nothing contained in the tenth section referring to a petition for ancillary letters or letters of administration at variance with this view. There is only a provision for the protection of the county treasurer or comptroller, as a person to be cited, if such letters are applied for.

The construction above given accords with another provision of the transfer tax law, which shows that proceedings for the imposition of a tax do not depend upon the fact or the necessity of granting letters. The eleventh section provides that the surrogate, upon the application of any interested party, including county treasurers or the comptroller of New York City, or upon his own motion, shall, as often as and whenever occasion may require, appoint a competent person as appraiser to fix the market value, at the time of the transfer thereof, of property of persons whose estates shall be subject to the payment of any tax imposed by this act.

We are therefore of the opinion that the surrogate had ample authority to appoint an appraiser, and that the order appealed from should be affirmed, with costs. All concur.

(39 App. Div. 560.)

## SOUTHWARK NAT. BANK v. CHILDS et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. INTERPLEADER—RIGHT TO INTERPLEAD.

Under Code Civ. Proc. § 820, which provides that where a third person makes a claim against a defendant for the debt sued for, without collusion with him, such defendant may pay the amount of the debt into court, and have the claimant substituted, and he be discharged of liability, a defendant who denies all liability to plaintiff cannot interplead a claimant.

2. SAME—ATTACHMENT.

The attachment of a debt as one owing to a third person, and not to plaintiff, where the third person by affidavit expressly disavows any claim to the debt, does not authorize the interpleading of the sheriff and attachment creditors, under Code Civ. Proc. § 820, which provides that where a third person makes a claim against defendant for the debt sued for, without collusion with him, defendant may pay the amount of the debt into court, and have the claimant substituted, and he be discharged.

Appeal from special term, New York county.

Action by Southwark National Bank against Eversley Childs and others. From an order authorizing defendant to pay money into court and substitute claimants as parties defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Clifford W. Hartridge, for appellant.

Charles N. Morgan, for respondents.

BARRETT, J. The order appealed from speaks of the sum which the defendants are allowed to deposit as "the fund in controversy herein." The respondents seem to rely throughout upon this theory of the case. There is, however, no such fund here. The action is simply upon a contract for the sale and delivery of goods. The defendants owe the price of the goods, and the sole question is, with whom did they contract? The plaintiff alleges that the contract was made with it. The defendants distinctly deny this. They say that "the contract of the defendants for the purchase of the goods for the purchase price of which this action is brought was not with plaintiff, but was with the Perseverance Manufacturing Company." How, then, can they interplead the Perseverance Manufacturing Company, or the plaintiffs in the attachments against that company, or the sheriff who held these attachments? They simply deny the plaintiff's right, and state that they have a perfect defense to this action. That would seem at once to defeat their claim to interplead. But, even if the defendants, admitting the sale and delivery of the goods, had declared that they did not know who the real principal was, still the substitution should not have been granted, in view of the express disclaimer of the Perseverance Manufacturing Company. That company explicitly disavows the position of principal, and insists that it acted solely as the agent for the plaintiff, in the sale of the goods. What possible danger, then, can the defendants run in paying what they thus, without question, owe to the plaintiff? It is true that the sheriff has served upon the defendants copies of the warrant of attachment issued against the Perseverance Manufacturing Company. If, however, the latter company has no right of action against the defendants, nothing has been attached. The plaintiffs in these attachments, and the sheriff, may possibly, notwithstanding the disavowal of the Perseverance Manufacturing Company, contend that the latter company was the real principal in the sale of the goods, and that the defendants are liable to it. But, in the entire absence of any fact to support that possible contention, there is no warrant for an interpleader. Not a particle of evidence is furnished even tending to show that the Perseverance Manufacturing Company was the principal in the transaction. The defendant Eversley Childs deposes that "the relationship existing between the plaintiff and the Perseverance Manufacturing Company in respect of said transactions is entirely unknown to defendants." Thus, the only light thrown upon these relations is afforded by the affidavits of the plaintiff's president and the vice president of the Perseverance Manufacturing Company. These affidavits show, beyond question, that the plaintiff was sole principal in the transaction, and, indeed, that the defendants were fully informed of that fact. The rule is well settled that, to justify an interpleader, under section 820 of the Code of Civil Procedure, the defendant must show that the

claim antagonistic to that of the plaintiff has some reasonable foundation. It may be said here, as was said in Stevenson v. Insurance Co., 10 App. Div. 235, 41 N. Y. Supp. 966: "Some facts or circumstances must be stated which throw some doubt upon the right of the plaintiff to recover the money sued for." The application should, therefore, have been denied—First, because the defendants, by their denial of any contract relation with the plaintiff, have placed themselves outside of the interpleader principle; and, second, because, upon all the facts presented, no reasonable doubt has been thrown upon the plaintiff's right to recover.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.