ESTELLA M. MARTIN, Plaintiff, *v.* ELBRIDGE GARY BARKER, JR., Defendant.

County Court, Queens County, July 8, 1925.

Parties — interpleader — application by defendant to interplead as codefendants in action for commissions for sale of real estate, two brokers to whom he acknowledged liability for same sale — Civil Practice Act, § 287, requires application for interpleader be made before answer — defendant served answer denying liability prior to application — relief denied — no uncertainty shown as to who is entitled to commissions.

Defendant, in an action for commissions for the sale of real estate, is not entitled to an order to interplead as codefendants with him in said action two brokers to whom he had acknowledged, in a contract, his liability for commissions for the same sale, where several months prior to his application for interpleader he effected service of an answer denying liability, since within the provisions of section 287 of the Civil Practice Act said application must be made before answer.

Furthermore, defendant by denying liability to plaintiff and acknowledging liability to those he seeks to interplead, shows that he has no doubt as to whom he is liable.

MOTION made to interplead as defendants in this action John B. Fay and Wilton Randolph.

*Middlebrook & Borland,* for the plaintiff.

*Maxwell Lustig,* for the defendant.

*James W. Donoghue,* for Fay and Randolph.

COHN, J.:

The affidavits before me show that on December 16, 1924, the defendant entered into a written contract with one Harold B. Reynolds, agreeing to sell to the said Reynolds certain real estate in Kew Gardens for the sum of $29,000. In the aforesaid contract the defendant acknowledged John B. Fay and Wilton Randolph as the brokers who had brought about the transactions and agreed to pay to them the sum of $1,000. The following day the defendant received a written notice from the plaintiff herein claiming brokerage due her for bringing about the sale of the same property to the same purchaser, Harold B. Reynolds. On December 20, 1924, the defendant conveyed title to the said property to the purchaser.

On December 22, 1924, Fay and Randolph commenced an action against the defendant in the Municipal Court of the City of New York, Borough of Queens, for their commission, namely, $1,000.

On December 27, 1924, plaintiff herein instituted this action in this court against this defendant for the sum of $1,450 for her brokerage commission for this sale.

An order of a justice of the Municipal Court directing that the plaintiff herein be interpleaded and joined as a codefendant with Fay and Randolph in the Municipal Court action was reversed by the Appellate Term of the Supreme Court for the Second Department on May 4, 1925, upon the ground that the Municipal Court had not jurisdiction to award Estella Martin, the party impleaded, the sum of $1,450 claimed by her. (See Memorandum No. 270, May, 1925, Term of the Appellate Term, Second Department.)

While this appeal was pending in the Appellate Term, Second Department, the defendant, on the 17th day of January, 1925, answered the complaint of the plaintiff herein and in it he denied all liability to her. This answer had been served by the defendant three days after he had been served with a notice of appeal from the order of interpleader in the Municipal Court. The defendant seeks by this motion under section 287 of the Civil Practice Act to interplead as codefendants in this action the aforesaid Fay and Randolph.

I am constrained to decide that the defendant is not now entitled to the relief which he seeks. The language of section 287 of the

Civil Practice Act is plain and it is mandatory. It sets forth in unequivocal language that " A defendant against whom an action to recover upon a contract * * * is pending at any time *before answer* * * * may apply to the court upon notice to that person and the adverse party for an order to substitute that person in his place and to discharge him from liability to either, on his paying into court the amount of the debt or delivering the possession of the property or its value to such person as the court directs; or, upon it appearing that the defendant disputes in whole or in part the liability as asserted against him by different claimants * . * * his application may be for an order joining the other claimant or claimants as codefendants with him in the action."

The statute requires a defendant to make his application for an order of interpleader by joinder of other claimants as codefendants with him in an action *before answer*. I am unable to find any authority which would authorize this court to construe the language of section 287 of the Civil Practice Act in any other way. Nor do I find any warrant in the statute that would give this court power to allow the defendant to withdraw his answer served upon the plaintiff several months before this application was made.

Furthermore, it is quite clear that the defendant herein is not indifferent between the claimants. It cannot be stated with any degree of certainty that the defendant is ignorant or in doubt as to which claimant he believes is the rightful claimant to the commissions. By his answer filed in this case, served on this plaintiff, he has denied any liability to the plaintiff. By the written contract of sale which was entered into with Reynolds, the vendor, and Fay and Randolph, the persons sought to be interpleaded on this application, the defendant acknowledged in writing his indebtedness to Fay and Randolph for the brokerage commissions of this sale.

One of the material allegations in a bill of interpleader is that the applicant cannot determine without hazard to himself to which of the rival claimants the thing belongs. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Crane* v. *McDonald*, 118 id. 648.)

In this case the defendant, by acknowledging liability to Fay and Randolph, and by denying liability to the plaintiff herein, has for himself determined who he believes is the rightful claimant.

Under those circumstances, it may well be that in any event the defendant would not be entitled to the relief which he now seeks. (*Baltimore & Ohio R. R. Co.* v. *Arthur*, 90 N. Y. 234; *Southwark National Bank* v. *Childs*, 39 App. Div. 560.)

The motion for interpleader should, therefore, be denied. Settle order on notice.