(20 Misc. Rep. 403.)

## LENNON v. METROPOLITAN LIFE INS. CO.

(City Court of New York, General Term.   May 29, 1897.)

INTERPLEADER—WHEN DENIED—SUFFICIENCY OF CLAIM.

There is no abuse of discretion in denying the motion of a life insurance company, in an action on a policy, to interplead a person as claimant, where there is no showing of any right in such claimant except that she paid the premiums, and has possession of the policy, it not appearing that such possession was by the consent of insured, and plaintiff being the daughter and heir at law of insured, and named as beneficiary in the application.

Appeal from special term.

Action by Mary Lennon against the Metropolitan Life Insurance Company.   From an order denying its motion to interplead one Annie Kearney as defendant in its stead, defendant appeals.   Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Ritch, Woodford, Bovee & Wallace, for appellant.
George W. Delano, for respondent.

CONLAN, J.    This is an appeal from an order denying the motion of the defendant to interplead one Annie Kearney as the defendant in its place and stead.    The action is brought to recover on a policy of life insurance issued by the defendant.    The party sought to be interpleaded claims the money as the lawful beneficiary, and the plaintiff makes the same claim.    It sufficiently appears by the affidavit of George B. Woodward, the secretary of the defendant company, and by the complaint herein, that the plaintiff was named in the application for insurance as a beneficiary under the policy, and that she is a daughter of the decedent.    To meet this, we have the affidavit of Annie Kearney to the effect that she is the niece of the decedent; that she and her mother paid all the premiums due under the said policy; and that, at the time of the death of the insured, she (deponent) had in her possession the premium book and the policy of insurance.    Before an interpleader will be allowed, the defendant must show affirmatively that such a claim has some reasonable foundation, and that the defendant cannot, without hazard, determine to which of the parties claimant it shall pay the money.    Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964.    The most that can be said in favor of the claim of Annie Kearney is that she paid the premiums, and had possession of the policy.    The mere payment of premiums could only create a claim against the estate of the decedent, and never a lien upon the policy, in the absence of some agreement between the parties; nor does the possession of the policy add to the claim made, as it does not appear that she held the policy with the consent and approval, or even with the knowledge, of the insured.    Therefore, on the undisputed facts as claimed, she would have no interest in the fund as against the daughter, who had an insurable interest in her mother's life, as well as taking by direct inheritance as her heir at law.    We think the denial of the applica-

tion was the proper exercise of the discretionary powers vested in the court.

Order affirmed, with costs.

SCHUCHMAN, J., concurs.