SOPHIE WERTHEIMER, Respondent, *v.* INDEPENDENT ORDER FREE SONS OF JUDAH, Appellant.

*Interpleader in an action against a fraternal order — it should be denied where payment to the plaintiff involves the defendant in no risk.*

Where the constitution of a fraternal order provides that, upon the death of a member, his death benefit shall be paid to his widow, unless he shall have in the manner prescribed by the constitution bequeathed a sum not to exceed one-half of such benefit to his children, a bequest contained in the will of a member, of a part of the death benefit to his sister, gives her no valid claim upon the fraternal order, and hence it cannot, in an action brought against it by the widow to recover the death benefit, be allowed to interplead the sister, as it clearly appears that the order runs no risk in paying the widow.

APPEAL by the defendant, the Independent Order Free Sons of Judah, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of October, 1897, denying the defendant's motion for an order substituting Annie Blee as defendant in its stead.

*Otto I. Wise,* for the appellant.

*Leopold Moschcowitz,* for the respondent.

VAN BRUNT, P. J.:

The defendant is a fraternal order, and one Edward Wertheimer was a member at the time of his death. The constitution of the defendant provides that, upon the death of a member, a sum of $500 shall be paid to the widow of the deceased member, but that the member may by a designation in the manner and form prescribed by the constitution bequeath the sum of $250 of his death benefit to his children. The deceased died leaving a widow and no children. He also left a will, which has been duly admitted to probate, by which he bequeathed $250 of his death benefit to his sister, Annie Blee. The plaintiff, the widow of the deceased, having brought this action to recover $500, the amount of Edward Wertheimer's death benefit, a motion for interpleader was made upon the ground that the said Annie Blee claimed $250 of this fund. This

motion was denied, and from the order thereupon entered this appeal is taken.

In order that a motion for interpleader should be granted, it must be made to appear that the defendant runs some risk or hazard in paying the amount claimed by the plaintiff. In the case at bar no such risk or hazard is made to appear. The provisions of the defendant's constitution preclude any one but the widow from participating in the death benefit, unless there are children to whom the assured may bequeath not over half of the amount of the policy. The deceased having left no children, the widow is absolutely entitled to the whole of the death benefit, and the claim attempted to be instituted by Annie Blee is clearly without any foundation.

The order was, therefore, rightfully denied, and should be affirmed, with ten dollars costs and disbursements.

BARRETT, RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.