PLINY T. SEXTON, Respondent, *v.* THE HOME FIRE INSURANCE COMPANY of the City of New York, Appellant.

*Action by a mortgagee upon an insurance policy — interpleader of the owner and mortgagee where the defense of usury has been interposed in an action to foreclose the mortgage.*

In an action by a mortgagee of premises covered by a policy of fire insurance payable to the owner of the premises, or to the mortgagee, "as their interest may appear," to recover upon the policy, the insurance company should, on payment of the costs and disbursements of the action, be permitted to deposit the amount of the loss in court and to interplead the owner and mortgagee, where it appears that the owner claims an interest in the amount due from the insurance company, and that in an action brought to foreclose the mortgage the defense of usury was interposed and that an appeal has been taken, in good faith, from the judgment of foreclosure.

APPEAL by the defendant, The Home Fire Insurance Company of the city of New York, from so much of an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Wayne on the 15th day of October, 1898, as refuses to allow an interpleader and the deposit of the amount of money claimed by the plaintiff in court, on payment of the costs and disbursements of the action, up to the time when the motion to interplead was made.

The action was brought to recover the amount of a loss covered by a policy of fire insurance issued by the defendant.

*Horace McGuire*, for the appellant.

*P. T. Sexton*, in person, for the respondent.

HARDIN, P. J. :

Appellant's papers used upon the motion show its willingness to pay the money to satisfy its liability under its policy of insurance, and that it is not in collusion with Bennett or any other party.

It also appears that, by the terms of the renewed policy, the title to the real estate had passed to George Bennett, and that when the fire took place the loss was payable, by the terms of the agreement of defendant, to the plaintiff or the assured, George Bennett, "as their interest may appear."

It is made manifest by the papers in the record that Bennett has steadily claimed an interest in the moneys due from defendant by reason of the fire. It also appears that the plaintiff has been aware of the position of the defendant, and that a short time before the suit was brought he was negotiating with the defendant to enter into "an agreed case" and have a submission made to a court to determine who was entitled to the money due from defendant. Plaintiff, in his letter to defendant of July 9, 1898, said, viz. : "And, as the time within which I must begin suit will expire on the 22d instant, please send me further extension to cover reasonable time in which conveniently to arrange with you for an amicable quarrel."

It is apparent from the record that plaintiff held a mortgage upon the real estate owned by the assured at the time of the fire, and that the policy was collateral to the mortgage, and that a defense of usury has in good faith been interposed to the action of the plaintiff to foreclose the mortgage, and that an appeal has been taken from the judgment of foreclosure, which appeal was taken in good faith. The plaintiff has, by his omission to propose amendments to the proposed case, allowed the delay of the presentation of the appeal. If that appeal shall be successful, and the judgment of foreclosure be reversed, and the defense of usury successful, the plaintiff's right to the moneys due from the defendant will become, to say the least, doubtful. Under such circumstances we think it

ought not to be said that the defendant, by paying over the insurance money, would not run some "risk or hazard." (Code Civ. Proc. § 820 ; *Wertheimer* v. *Free Sons of Judah,* 28 App. Div. 64; *Roberts* v. *Vanhorne,* 21 id. 369.)

We have not overlooked the claim made by plaintiff, that if the "foreclosure judgment should be reversed and usury could be established in the mortgage debt, it would not destroy plaintiff's superior right to the insurance money." This claim is based upon the idea that there could be a forfeiture of interest only. It is claimed that the loan was made by plaintiff as a banker and that he has immunity from the usury laws. However, the only statement upon that subject is found in plaintiff's affidavit to the effect that he was a private banker before the loan and president of the national bank.

In *Perkins* v. *Smith* (116 N. Y. 441) the term " private bankers " was defined. It was said, "' Private bankers' are persons or firms engaged in the business of banking without any special privileges or authority by statute."

The affidavits used at the Special Term do not show that the mortgage held by plaintiff was not one that could be avoided by the defense of usury.

That part of the order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted allowing an interpleader upon the defendant paying the money due from it into court, with the costs and disbursements of the action up to the time the motion was made.

All concurred.

That part of the order appealed from reversed, with ten dollars costs and disbursements to the appellant, and motion granted allowing an interpleader upon the defendant paying the money due from it into court and paying the costs and disbursements of the action up to the time the motion was made.