ROSE KREISER, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Interpleader — a reasonable foundation for an adverse claim must be shown to justify it.*

In order to entitle a defendant, in an action brought to recover a fund in its possession, to interplead a rival claimant, the defendant must not only show the presentation of the rival claim, but must show that such claim has some reasonable foundation.

Where, subsequent to the filing of an assignment of a fund on deposit in the city of New York, the comptroller is examined concerning the fund in supplementary proceedings by a judgment creditor of the assignor, but no further proceedings are instituted against the city, the latter, in an action against it by the assignee to recover the fund, is not entitled to interplead the judgment creditor, where the motion papers merely allege that the judgment creditor intends to bring proceedings to set aside the assignment, but state no facts establishing his right to do so, and do not state that he makes any claim against the city.

APPEAL by the plaintiff, Rose Kreiser, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of October, 1899, granting the defendant's motion for an interpleader.

*James A. Douglas,* for the appellant.

*John S. Melcher,* for John L. Melcher.

*Terence Farley,* for the respondent.

Ingraham, J. :

The plaintiff brought an action to recover the amount deposited by one Samuel Kreiser with the city of New York, the complaint alleging that the said Samuel Kreiser had duly sold, assigned and transferred to this plaintiff his claim and cause of action therefor on September 16, 1898; and it appeared that such assignment was, on that day, duly filed in the office of the comptroller of the city of New York. The defendant applied for an order interpleading one John L. Melcher upon the ground that the said Melcher had obtained a judgment against the said Samuel Kreiser, and had, on the 27th day of September, 1898, served upon the comptroller of the city of New York, as a third party, an order in supplementary proceedings requiring the comptroller to appear before one of the justices of this court to be examined concerning a certain fund of $250 belonging to the said Samuel Kreiser. It appeared that the said order was served, and that a representative of the comptroller was examined on October 3, 1898, and that the said representative testified to the filing of the assignment of the said fund by the said Samuel Kreiser to the plaintiff. The third party proceeding then appears to have been dropped, and, subsequently, Samuel Kreiser was examined in supplementary proceedings and a receiver of his property was appointed. No further proceedings seem to have been instituted by Melcher against the city. Melcher's attorney, in an affidavit submitted on this motion, states that he is advised and believes that Melcher intends to bring proceedings to set aside said assignment; but it is nowhere stated that Melcher has made or does make any claim against the city of New York to recover the possession of this sum involved in this action.

We have held that it is necessary not only to establish the fact that a claim is presented, but, in addition, to show that such claim has some reasonable foundation. (*Stevenson* v. *N. Y. Life Ins. Co.,* 10 App. Div. 235 ; *Post* v. *Emmett,* 40 id. 479.) Upon this state of the record it would appear that no substantial claim has been

made against the city for the payment of this sum, and that upon the facts, so far as they appear, there is no substantial objection to the right of the plaintiff to the fund. No facts are alleged to show that Melcher has any right to set aside the assignment. It was filed with the comptroller before the third party proceeding was commenced, and nothing is shown to justify a finding that Melcher has any claim to the fund in controversy.

We think the order was improper and that it should be reversed, with ten dollars costs and disbursements against the city, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements against the city, and motion denied, with ten dollars costs.