(72 App. Div. 180.)

### HINSDALE v. BANKERS' LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 23, 1902.)

INTERPLEADER—ACTION ON LIFE POLICY—SUFFICIENCY OF SHOWING.

An order of interpleader will not be granted in an action on a life policy by an assignee thereof, where the moving papers merely assert that a claim has been made on the company for the proceeds of the policy by a third person, without stating facts showing a real doubt of plaintiff's right to recover, or a foundation for the claim of the third person.

Appeal from special term, New York county.

Action on a life policy by Christine H. Hinsdale against the Bankers' Life Insurance Company of New York. From an order granting an interpleader, the plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles Blandy, for appellant.
Arthur L. Sherer, for respondent.

PATTERSON, J. The order appealed from, which grants a motion for interpleader, must be reversed. The plaintiff holds by assignment full title to the policy of insurance upon which the action is brought. The motion papers disclose nothing but the fact that a claim has been made by a third party to the policy of insurance. Not a single circumstance is mentioned to indicate that that claim has the slightest foundation. We have frequently held that something must be stated in the affidavits, upon applications of this character, to throw a real doubt upon the right of the plaintiff to recover. Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Burritt v. Publishing Co., 19 App. Div. 609, 46 N. Y. Supp. 295; Roberts v. Vanhorne, 21 App. Div. 369, 47 N. Y. Supp. 448; Golden v. Insurance Co., 35 App. Div. 569, 55 N. Y. Supp. 143; Wells v. Bank, 40 App. Div. 498, 58 N. Y. Supp. 125; Steiner v. Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. There is nothing in the motion papers from which it can be reasonably inferred that a doubt based upon facts exists as to who is justly entitled to recover upon the policy of insurance upon which this action is brought.

The order must be reversed, with $10 costs and disbursements, and the motion for an interpleader denied, with $10 costs, but with liberty to the defendant to renew the motion upon proper papers. All concur.

---

(37 Misc. Rep. 696.)

### In re WALRATH.

(Surrogate's Court, Madison County. April, 1902.)

ACCOUNTING BY EXECUTOR—OPENING DECREE—MATTERS OF SUBSTANCE.

Under Code Civ. Proc. § 2481, subd. 6, authorizing the surrogate to open or set aside a decree, or to grant a new trial for fraud, newly-discovered evidence, clerical error, or other sufficient cause in the same manner as a court of record would exercise its powers, the surrogate