(45 Misc. Rep. 40.)

## MICHIGAN SAV. BANK v. COY, HUNT & CO.

(Supreme Court, Special Term, New York County.   September Term, 1904.)

1. INTERPLEADER—WHEN ALLOWED.

    A bill rendered on a sale of goods contained a statement that the accounts had been assigned to a certain bank.  Thereafter, before payment of the bill, a copy of an attachment in an action against the vendor was served on the vendees requiring the sheriff to attach so much of the property which the vendor then had as would satisfy the demand.   The attachment creditors recovered a judgment against the vendor, and execution was issued.  *Held* not to entitle the vendees, when the bank, the assignment being bona fide, brings an action against the vendees to recover the price, to have the attachment creditors interpleaded, the bank being absolutely entitled to the money due.

2. SAME.

    A claim to justify an interpleader under Code Civ. Proc. § 820, must be based on such facts as will show the court that there is a reasonable doubt as to which of two claimants of property is entitled thereto.

Action by the Michigan Savings Bank against Coy, Hunt & Co. Motion by defendants for an order opening their default and motion for an interpleader.  Motions granted.

Blair & Rudd, for plaintiff.

Robinson & Robinson, for defendants.

· BLANCHARD, J.   The situation presented by these motions is, in respect to practice, somewhat involved.   On August 22, 1904, a motion was made on behalf of the defendants, and heard by Mr. Justice Amend, for an order permitting the defendants to pay into court the fund which is claimed by the plaintiff in this action, and striking out the present defendants as such, and interpleading in their place George W. Miller and William D. Day. The motion was opposed by the plaintiff, and on August 25, 1904, the justice handed down a memorandum granting the motion and directing the settlement of the order on notice.   Upon such settlement the form of the order presented by the defendants was objected to by plaintiff, and the court sustained the objection. No order has as yet been entered upon the decision of the motion. In the meantime the defendants' time to answer, which had been extended by stipulation to August 30, 1904, expired.   The defendants now make a motion for an order opening their default and permitting them to present a new proposed order on said motion (determined by Mr. Justice Amend), or directing a rehearing of said motion.   ,This motion comes before me upon the return of an order to show cause made by Mr. Justice Amend.   The plaintiff now makes a motion for a reargument of the motion originally heard before and determined by Mr. Justice Amend.   The parties have argued at length before me all the questions presented by these motions involving the merits and the law, and have requested me to decide them.   I have communicated with Mr. Justice Amend with respect to these motions, and he has expressed to me his wish that I should dispose of them without referring them back to him.   The facts appear to be substantially as follows:   On or

about April 5, 1904, the defendants bought from the Detroit Sulphite Fibre Company merchandise of the agreed price of $459.74, and thereafter received a bill for said merchandise, upon which was indorsed: "This account is hereby assigned to and is payable to the Michigan Savings Bank, Detroit, Michigan. [Sd.] Detroit Sulphite Fibre Co., A. G. Lindsay, Treasurer." There is no dispute respecting the due execution of this assignment to the bank, the plaintiff in this action. Before this bill was paid, and on May 7, 1904, the sheriff of the county of New York served upon the defendants a copy of a warrant of attachment issued on the application of George W. Miller and William D. Day in an action in this court in which they were the plaintiffs and the said Detroit Sulphite Fibre Company was the defendant. The writ commanded the sheriff to attach and safely keep so much of the property within the county which the defendant company then had or might have at any time before final judgment as would satisfy the demand of Miller and Day, the plaintiffs in that action, amounting to $2,501.81. On or about June 27, 1904, this action was begun by the Michigan Savings Bank to recover from the defendants, Coy, Hunt & Co., the amount of the said account assigned by the Detroit Sulphite Fibre Company to the plaintiff. In the attachment suit of Miller and Day a judgment has been recovered by the plaintiff on the defendants' default, and an execution against the property of the defendant, the fibre company has been issued upon the judgment and is now in the hands of the sheriff. There is no reason why there should be an interpleader in this action. It does not appear that any sufficient claim is made by Miller and Day to the money due upon the assigned account. Upon the facts appearing in this application the plaintiff is absolutely entitled to payment of the money due on this account and now in the possession of the defendants. It is stated in the defendants' petition that Miller and Day claim the assigned account by virtue of the warrant of attachment. No such claim appears in the warrant. It refers to property of the fibre company generally, and at the time the copy of the warrant was served on the defendants they then had no property, so far as appears, belonging to the fibre company. The claim contemplated by section 820 of the Code of Civil Procedure must be based upon such facts and circumstances as will indicate to the satisfaction of the court that there exists a reasonable doubt as to which of two or more claimants of property is entitled to it. If, upon the facts presented, no such reasonable doubt appears, and it is clear that the defendants will incur no hazard in paying the plaintiff, the motion for an interpleader should be denied. Chapuis v. Long, 77 App. Div. 272, 78 N. Y. Supp. 1046. The mere service of the warrant of attachment did not even suggest a claim by Miller and Day to the fund claimed by the plaintiff. Doubtless it would have affected any property of the fibre company then in their possession, if any; but the facts show that the account which is the subject of this controversy then belonged absolutely to the plaintiff. The motion for an interpleader must therefore be denied.

The motion of the defendants for an order opening their default raises the question whether they are in fact in default. The motion for the interpleader was made before issue joined, as required by section 820 of the Code of Civil Procedure. The motion was granted, but no order finally adjudicating the motion has been entered. While not so deciding, I think it is a serious question whether, under such circumstances, the running of the time in which defendants should plead was not suspended. However this may be, a clear case is presented where the court, in its discretion, should open the default, and permit the defendants to plead if they be advised to do so, and the motion for that purpose is therefore granted. No costs of either motion will be imposed.

Ordered accordingly.