(48 Misc. Rep. 627.)

ALLEN v. QUACKENBUSH et al.

(Supreme Court, Appellate Term. November 24, 1905.)

INTERPLEADER—SUFFICIENCY OF AFFIDAVITS.

The affidavits of defendants in an action on a note in support of their motion to interplead the executors of C. as defendants in their stead, being required to throw a real doubt on the right of plaintiff to recover, are not sufficient; they merely stating that such executors make a claim to the note, and that it was made payable to C. or A., and it appearing that A. was in possession of it at the death of C. and transferred her title to plaintiff, who is now in possession.

Appeal from City Court of New York.

Action by Patrick F. Allen against Lambert S. Quackenbush and others. From an order denying defendants' motion to interplead the executors of Patrick Collins, deceased, as defendants in place and stead of defendants herein named, on payment into court of the sum claimed, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

W. R. Adams, for appellants.

Mayer & Gilbert, for respondent.

PER CURIAM. The note in suit was made payable to Patrick Collins or Ellen F. Allen. Patrick Collins is dead, and his executors claim title thereto. Ellen F. Allen, who was in possession of the note at the time of the death of said Collins, transferred the same to plaintiff, who is now in possession thereof. Defendants admit their liability on the same, but assert that they do not know whether plaintiff or the executors of Collins are entitled to payment. They therefore applied for an order of interpleader, which was denied. From the order denying this motion, defendants appeal.

The rule is well settled that something must be stated in the affidavits upon applications of this character to throw a real doubt upon the right of the plaintiff to recover. Hinsdale v. Ins. Co., 72 App. Div. 180, 76 N. Y. Supp. 448. In the case at bar no facts are alleged tending to show that the claim of the executors of Collins was meritorious, or that the defendants could not safely determine, without hazard to themselves, to whom they should pay the amount in question. We have simply the fact that the executors of Collins make a claim to the note. Upon what theory or facts this claim is based we do not know, beyond the fact that the note was made payable to Patrick Collins or Ellen F. Allen. The latter, as we have seen, was in possession of the note at the time of the death of Collins, and transferred her title to plaintiff, who is now the holder of the said note. While it is not necessary that the claimant, interposing the demand, should make out a case of probable success, still the court should have some facts, upon an application for an order of interpleader, to determine whether or not there is any foundation for the claim. For aught that appears here, the said Collins may have entirely divested himself of any shadow of title to the note in question.

The order should be affirmed, with $10 costs and disbursements.