FOWLER v. HARVEY G. EASTMAN COUNCIL, NO. 97, JUNIOR ORDER OF UNITED AMERICAN MECHANICS.

(Supreme Court, Special Term, Dutcher County. March 2, 1908.)

1. INTERPLEADER—GROUNDS.

To authorize the bringing in of a third party as defendant, the moving papers must show that defendant cannot, without hazard, determine to which of the parties the money which forms the subject-matter of the action should be paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interpleader, § 47.]

2. INSURANCE—ACTION FOR BENEFITS—SUBSTITUTION OF DEFENDANT.

Insurance Law, Laws 1892, p. 2021, c. 690, § 233, provides that all beneficial societies, orders, or associations are exempt from the provisions of the insurance law of this state, and shall be subject only to the provisions of this article. Section 238 (page 2025) provides that membership in any such society shall give the member the right at any time, upon the consent of such society, to make a change of its payee or beneficiary in the manner prescribed by its law, without consent of such payee or beneficiary. At the time the certificate sued on was issued, defendant's by-law provided that benefits should be paid to the widow or dependents of deceased. Subsequently that by-law was amended and made to provide that the benefits should be paid to the widow or beneficiary as named by him, and the certificate sued on was duly changed, under such by-law, by naming plaintiff, the mother of the member, as beneficiary. Held, that there was no ground for defendant's refusal to pay plaintiff, or to have the widow substituted as defendant.

Action by Jennie A. Fowler against Harvey G. Eastman Council, No. 97, Junior Order of United American Mechanics. On motion for order interpleading Nellie Fowler as defendant. Denied.

A. D. & A. W. Lent, for plaintiff.
Wm. C. Alho, for defendant.

TOMPKINS, J. The defendant asks for an order interpleading Nellie Fowler as defendant. The action is brought by the mother of Edward C. Fowler, who was a beneficiary member of the defendant council at the time of his death, to recover the sum of $280 funeral and other benefits.

Fowler became a member of the council in April, 1905. At that time the by-laws provided that the benefits should be paid to the "widow or dependent of the deceased." In September, 1906, that by-law was amended, and made to provide that the benefits should be paid "to the widow or the beneficiary, as named by him, upon satisfactory evidence of his decease." In May, 1907, Fowler duly and regularly named his mother, the plaintiff herein, as his beneficiary. After his death she made claim, supported by due proof, of his death, and upon

the defendant's refusal to pay brought this action. Nellie Fowler's claim is based merely upon the fact that she is the widow of the deceased member, and never consented to the designation of the plaintiff as the beneficiary. The defendant is not entitled to an order of interpleader, unless there is some foundation for the claim asserted by the widow, who is now sought to be substituted as defendant. It must appear from the moving papers that the defendant cannot, without hazard, determine to which of the parties the moneys which form the subject-matter of the action should be paid. The mere fact that the defendant has received formal notice of a claim by the widow is not sufficient. There must be some merit in the claim, or, at least, some shadow of right on the part of the claimant to the fund.

There seems to me to be no ambiguity in the by-laws of the defendant, or the general laws applicable thereto, and no doubt as to the right of the plaintiff in this suit to the fund in question. Section 233 of the insurance law (Laws 1892, p. 2021, c. 690) provides that all beneficial societies, orders, or associations doing any kind of business in this state, which clearly includes the defendant council, are exempt from the provisions of the insurance laws of this state, and shall be subject only to the provisions of this article. Section 238 (page 2025) provides as follows:

"Membership in any such society, order or association shall give to the member the right at any time, upon the consent of said society, order or association to make a change of its payee, payees, beneficiary or beneficiaries in the manner prescribed by its by-laws, without the consent of such payees or beneficiaries."

This the defendant clearly did by the amendment to its by-laws made in September, 1906, and above referred to. By that amendment the insured member was given the right to name a beneficiary. The words "shall be paid to the widow or the beneficiary as named by him" clearly means and intends that the member shall have the right in the first instance to name a beneficiary other than the widow and to the exclusion of the widow. That Fowler did in this case, and it seems to me that there cannot be any question as to the plaintiff's right to the moneys sued for, and that there has never been any good reason for the defendant's refusal to pay her, or for its defense of this action.

Motion denied with $10 costs.