MITCHELL v. CATLIN & POWELL CO.

(Supreme Court, Appellate Term. March 21, 1911.)

1. INTERPLEADER (§ 8*)—RIGHT TO INTERPLEADER.
     Code Civ. Proc. § 820, provides for a right of interpleader where defendant has an interest in the fund and desires to interplead another party for the purpose of having the whole matter adjudicated. In an action for commissions on a sale of bonds by plaintiff as defendant's bro-

ker, another broker claimed one-half of the commissions, and defendant claimed that no commissions should be paid until certain notes due on April 11th and given by the purchaser of the bonds should be paid, and he moved for an order interpleading the second broker, and for permission to file an answer alleging that the notes were not yet due, and for a further order permitting defendant to pay the amount of the commissions into court on or after April 20th, so that the litigation might proceed as between the two claimants. The affidavits showed that the third person introduced plaintiff to the purchaser, and that there was an agreement between plaintiff and the third person for a division of the brokerage. The third person was a stockholder of defendant corporation, and the affidavit stated that the only way he could recover any money from plaintiff was by being interpleaded.. *Held*, that interpleader was properly denied.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. § 8.*]

2. INTERPLEADER (§ 8*)—DISCRETION OF COURT.

Defendant is not entitled to an order of interpleader merely because two claims are made against him for the same debt; but the two claims must be of such a nature that he cannot determine the validity of the claims without hazard, and in this sense the making or withholding of the order is within the discretion of the court.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. § 8.*]

Appeal from City Court of New York, Special Term.

Action by Arthur S. Mitchell against the Catlin & Powell Company. From an order denying his motion to interplead a third person as a party, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Horace E. Parker, for appellant.

Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent.

LEHMAN, J. [1] The defendant is sued for commissions upon a sale of bonds made by the plaintiff as its broker. Another broker has claimed one-half of the commissions. Defendant claims that no commissions were to be paid until and unless certain notes due on April 11th and given by the purchaser of the bonds are paid. He therefore moves for an order interpleading the second broker, and for permission to file an answer alleging that the notes are not yet due, and for a further order permitting it to pay the amount of the commissions into court on or after April 20th, so that the litigation may proceed as between the two claimants.

Section 820 of the Code gives a right of interpleader in two cases:

(a) Where the defendant claims no interest in the fund he may pay it into court.

Concededly that is not the case here, for the defendant does claim an interest in the fund, and does not wish to pay it into court until April 20th, and then only if the notes are paid.

(b) Where the defendant has an interest in the fund, and desires to stay in and interplead another party, for the purpose of having the whole matter adjudicated.

The defendant in its brief claims that it is making the motion under the second part. An examination, however, of the order to show cause, as well as of the petition, shows that it desires to interpose an answer only to postpone the payment into court until April 20th, "so that the two claimants to the same fund may litigate the matter as between themselves, and so that the defendant will not have to pay the money twice, and so that the defendant may at the proper time pay the money into court and be released as defendant in this action." In other words, it claims that it has a good defense to the action, and desires to interpose it, but with leave to withdraw this defense later, and then pay the money into court. If the defendant's affidavit is true, the action is prematurely brought, and the defendant has a good defense against the plaintiff, which it may interpose; but the Code certainly does not give the court the right to permit the interposition of this defense, and its withdrawal as soon as it has served the defendant's purpose to delay the action until the money is due and an action could properly be brought. The last clause permits the defendant to interpose an answer for the purpose of asserting some interest in the subject-matter of the controversy, but it does not contemplate the assertion of an interest which it desires to abandon before trial.

Aside, however, from these technical considerations, the justice sitting in Special Term properly held that the defendant had made out no case calling for the exercise of his discretion. [2] It is too well established to require any citation that the defendant is not entitled to an order of interpleader merely because two claims are made against him for the same debt; but the two claims must be of such a nature that he cannot determine the validity of the claims without hazard. In this sense the making or withholding of the order rests within the sound discretion of the court.

An action for commissions involves two elements: The broker must be employed by the person whom he seeks to charge with liability, and he must have been the producing cause of the sale. The affidavits here presented by the defendant allege that the plaintiff acted as broker under an express employment, and that he "secured said subscriptions or was instrumental therein." All negotiations and contracts on its part are alleged to have been made with the plaintiff, and apparently Dwight, whom it seeks to interplead, was never a party to the proceedings. The brief alleges that the plaintiff and the other claimant had equal authority from the defendant with respect to sales; but no such allegation appears in the affidavits, either expressly or by fair inference. The affidavits themselves therefore show that any commissions are due to the plaintiff, and not to Dwight. The real reason for the motion appears in Dwight's affidavits. He alleges that he introduced the plaintiff to the purchaser, and that the purchase was made only because of this introduction, and that plaintiff received the subscription—

"by reason of and upon the distinct understanding and agreement *between said Mitchell and myself* that said Cogswell was my client in the transaction, and that I was the person through whom or by whom said subscriptions were in each case obtained, and upon the understanding that I would divide with said Mitchell one-half of the brokerage."

Obviously the defendant is not liable to Dwight upon any agreement between himself and Mitchell, nor for any services rendered by him upon Mitchell's request, understanding, or promise. He does not allege employment by defendant, and without such employment defendant is not liable to him. Dwight is now a stockholder and director of the defendant. The concluding words of his affidavit are:

"That the only chance I have to recover any money from plaintiff is by being intervened or interpleaded in this action."

The plaintiff has apparently some claim against the defendant. Dwight has a claim only against the plaintiff, and the defendant cannot by interpleader provide security to a stockholder on his claim against the plaintiff.

Order should be affirmed, with $10 costs and disbursements. All concur.