TILLIE M. POUCH, Appellant, *v.* THE PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, Respondent.

Interpleader — motion for interpleader under section 820 of
Code of Civil Procedure — what facts must be alleged to
sustain action, or motion, for interpleader — action against
life insurance company by beneficiary of policy — when
motion to interplead administratrix of decedent will not be
granted.

1. The complaint in an action of interpleader must allege posi-
tively that conflicting claims to substantially the same thing, fund,
debt or duty are set up by the defendant; that the defendant
claims no interest in the subject-matter; that he is indifferent
between the claimants, and is ready and willing to deliver the thing
or fund, or pay the debt, or render the duty to the rightful claim-
ant, but that he is ignorant or in doubt which is the rightful one,
and is in real danger or hazard by means of such doubt from their
conflicting demands.

2. It is necessary to sustain an action of or motion for interpleader
to show that the alleged claims have, or in case of a motion the claim
of a third person has, some reasonable basis on which to rest. A
mere assertion of claim by another without alleging anything
whatever on which to base it is not enough.

3. The Code provision for interpleader by order, upon motion
(Code Civ. Pro. § 820), was not intended to create a new ground for
interpleader, but to enable a person sued on a claim where an action
of interpleader could be brought, to bring the third person making
a claim to the fund or property into court in a summary way upon
motion, without the expense or delay to the stakeholder that would
result from an action of interpleader. It is not a new but a
concurrent and more simple remedy.

4. The defendant moved to interplead the administratrix of a
decedent, in an action brought by the person named as beneficiary
of a life insurance policy issued by it, alleging that "a claim was
also made by (such administratrix), who claimed to be entitled to
the moneys due under said policy on the ground that she was the
administratrix of said estate." The only other material fact stated
was that the claim of the administratrix was made without collu-
sion with defendant. Plaintiff read an affidavit on the motion tend-

ing to sustain her claim. *Held,* that the court had no power to grant an interpleader.

*Pouch* v. *Prudential Ins. Co.,* 146 App. Div. 612, reversed.

(Argued January 11, 1912; decided January 30, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 20, 1911, which affirmed an order of Special Term granting a motion for an order of interpleader.

The following question was certified: "Has the court, on this record, power to grant an interpleader?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Seth Bird* for appellant. The record fails to disclose any ground for an order of interpleader. (*Wells* v. *Nat. City Bank,* 40 App. Div. 500; *Stevenson* v. *N. Y. L. Ins. Co.,* 10 App. Div. 233; *Roberts* v. *Van Horne,* 21 App. Div. 369; *Werthheimer* v. *Independent Order,* 28 App. Div. 64; *Bassett* v. *Leslie,* 123 N. Y. 396; *Crane* v. *McDonald,* 118 N. Y. 648; *Burritt* v. *Press Pub. Co.,* 19 App. Div. 609.)

*William O. Campbell* for respondent. Defendant is not required to establish the validity of the demand made by the claimant. (*W. C. T. Assn.* v. *Laugheinken,* 139 App. Div. 592.) The defendant has the right to relieve itself of all liability by the payment into court, and the interpleading of the claimant as the defendant, in place of the defendant company. (*Crane* v. *McDonald,* 118 N. Y. 656.)

CHASE, J. On November 8th, 1905, the defendant issued to Robert H. Pouch a policy of insurance whereby it insured his life in the sum of $2,000, payable to the plaintiff if she survived him. Pouch died May 17, 1911, having complied with all the provisions and agreements contained in said policy. Proof of his death was sub-

mitted to the defendant by the plaintiff, and she demanded payment of said policy, and, it not being paid, this action was commenced.    The defendant thereupon made a motion to interplead Eliza Hargreaves, as administratrix of the goods, chattels and credits which were of Robert H. Pouch, deceased, as the sole defendant in the action, in the place and stead of the defendant, and to permit the defendant to pay into court the said $2,000 with interest thereon from the date of the death of said insured, and to be relieved from further liability to either the plaintiff or said Hargreaves as administratrix.    Such motion was made upon an affidavit stating the facts above recited and the further fact that after the death of the said Robert H. Pouch "a claim was also made by one Eliza Hargreaves, as administratrix of the goods, chattels and effects which were of Robert H. Pouch, deceased, who claimed to be entitled to the moneys due under said policy on the ground that she was the administratrix of said estate."

The only other material fact stated by the defendant on the motion was that the claim of said administratrix was made without collusion with the defendant.

Upon the motion the plaintiff's affidavit was read stating that said policy of insurance was issued a few days after her marriage to said Pouch and that it was thereupon delivered to her and has been in her possession continuously until it was surrendered to the defendant with proofs of his death.    She further therein stated that "I have attended to the payment of the premiums of said policy and paid them first out of my household account, and for the past three years have paid them out of my own funds and hold all the receipts for the said premiums.    My rights as beneficiary under said policy have never been questioned by either defendant or any other person."

Section 820 of the Code of Civil Procedure provides as follows: " A defendant against whom an action to recover upon a contract, or an action of ejectment, or an action to

recover a chattel, is pending, may, at any time before answer, upon proof, by affidavit, that a person, not a party to the action, makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs.  \*  \*  \*  The court may, in its discretion, make such order, upon such terms as to costs and payments into court of the amount of the debt, or part thereof, or delivery of the possession of the property, or its value or part thereof, as may be just, and thereupon the entire controversy may be determined in the action."

The Code provision for interpleader by order, upon motion, was not intended to create a new ground for interpleader, but to enable a person sued on a claim where an action of interpleader could be brought, to bring the third person, making a claim to the fund or property, into court in a summary way upon motion, as stated in the section quoted, without the expense and delay to the stakeholder that would result from an action of interpleader. It is not a new, but a concurrent and more simple remedy.

In Pomeroy's Equity Jurisprudence (Vol. 3, sec. 1328), referring to the complaint in an action of interpleader, it is said: "It must allege positively that conflicting claims to substantially the same thing, fund, debt, or duty are set up by the defendants; that the plaintiff claims no interest in the subject-matter; that he is indifferent between the claimants, and is ready and willing to deliver the thing or fund, or pay the debt, or render the duty to the rightful claimant, but that he is ignorant or in doubt which is the rightful one, and is in real danger or hazard by means of such doubt from their conflicting demands."

In *Mohawk & Hudson Railroad Co.* v. *Clute* (4 Paige,

384, 392) the court say: "The only ground upon which this court assumes jurisdiction, in a simple bill of interpleader, is the danger of injury to the complainant, from the doubtful rights and conflicting claims of the several defendants, as between themselves. For this reason he must state his own situation, in reference to the fund in question or the duty to be performed, and the nature of the claims of the several defendants to the same."

In *Dorn* v. *Fox* (61 N. Y. 264, 268), sustaining an action to interplead the collector of taxes in each of two towns, each of which had a tax warrant against the plaintiff for a tax assessed upon the same farm, the court say: "There was an allegation in the complaint that the plaintiff was ignorant of the respective rights of the collectors. * * * Such ignorance must be shown, or, at least, it must appear that there is some doubt to which of such claimants the debt or duty belongs, so that he cannot safely pay or render it to one without some risk of subsequently being made liable for the same debt or duty to the other." The court also quoted with approval the language above quoted from *Mohawk & Hudson R. R. Co.* v. *Clute*.

In *Baltimore & Ohio R. R. Co.* v. *Arthur* (90 N. Y. 234, 237) the court, in reversing an order of the General Term which reversed an order of the Special Term denying a motion for interpleader, say: "The plaintiff is not shown to incur any hazard in paying according to its contract. The transaction between it and Arthur was of the simplest kind — a purchase of goods at a fixed price; on the other hand, no title or color of title is given to Power. (Sto. Eq. Pl. sec. 293.) Nor does he claim to be entitled. On the contrary, he says he is 'not prepared to say' the plaintiff 'should pay him.' At most, his declaration is that upon some adjustment in future of unnamed transactions between the Chrome Steel Company and Arthur, he may 'be found entitled to receive payment.' The mere pretext of a conflicting claim is not enough to show

that the plaintiff is in any danger of loss from an inability to determine to whom the debt in question should be paid. The relation between himself and Arthur is the ordinary one of vendee and vendor, and it was a sufficient answer to the motion that the plaintiff showed no such claim of right in Arthur's co-defendant, as he might interplead for, and by its allegations bring in question the amount due to either. A debtor cannot, in this summary manner, discharge a creditor with partial payment, or prevent him from enjoying the fruits of his bargain."

In *Crane* v. *McDonald* (118 N. Y. 648) the court, referring to the defendants in an action of interpleader, say: "The complaint describes the claim of the defendant McDonald more fully than that of the defendant Goodrich, because the former had sued him and had thus furnished him with a definite description. While the claim of the latter was not clearly nor fully described, enough was set forth to show that it was not a mere pretext, but that it apparently rested upon a reasonable and substantial foundation. * * * It was not necessary for the plaintiff to decide, at his peril, either close questions of fact or nice questions of law, but it was sufficient that there was a reasonable doubt as to which claimant the debt belonged." (*Bassett* v. *Leslie,* 123 N. Y. 396.)

The courts of this state other than this court have also with substantial unanimity held that it is necessary to sustain an action of interpleader or a motion under the Code to show that the alleged claims have, or in case of a motion the claim of a third person has, some reasonable basis on which to rest. While it has never been held that it is necessary to sustain an interpleader to show that a claimant will probably succeed in establishing his claim, a mere assertion of claim by another without alleging anything whatever on which to base it is not enough. (*Williams* v. *Ætna Life Ins. Co.,* 8 S. Rep. 567; *Pustet* v. *Flannelly,* 60 How. Pr. 67; *Nassau Bank* v. *Yandes,* 44 Hun, 55; *Mars* v. *Albany*

*Sav. Bank.*, 64 Hun, 424; *Schell* v. *Lowe*, 75 Hun, 43; *Lennon* v. *Metr. Life Ins. Co.*, 20 Misc. Rep. 403; *Freda* v. *Montauk Co.*, 26 Misc. Rep. 199; *Cohen* v. *Cohen*, 35 Misc. Rep. 206; *Mich. Sav. Bank* v. *Coy, Hunt & Co.*, 45 Misc. Rep. 40; *Allen* v. *Quackenbush*, 48 Misc. Rep. 627; *Fowler* v. *Eastman Council No. 97*, 58 Misc. Rep. 14; *Mitchell* v. *Catlin & Powell Co.*, 71 Misc. Rep. 450; *Perkins* v. *Montgomery*, 70 N. Y. Supp. 136; *Stevenson* v. *N. Y. Life Ins. Co.*, 10 App. Div. 233; *Windecker* v. *Mut. Life Ins. Co.*, 12 App. Div. 73; *Burritt* v. *Press Pub. Co.*, 19 App. Div. 609; *Roberts* v. *Vanhorne*, 21 App. Div. 369; *Burritt* v. *Press Pub. Co.*, 25 App. Div. 141; *Wertheimer* v. *Ind. Order, Free Sons of Judah*, 28 App. Div. 64; *Sexton* v. *Home Fire Ins. Co.*, 35 App. Div. 170; *Golden* v. *Metr. Life Ins. Co.*, 35 App. Div. 569; *Southwark Natl. Bank.* v. *Childs*, 39 App. Div. 560; *Post* v. *Emmett*, 40 App. Div. 477; *Wells* v. *Natl. City Bank.*, 40 App. Div. 498; *Kreiser* v. *City of N. Y.*, 46 App. Div. 16; *Merchant* v. *Northwestern Mut. Life Ins. Co.*, 57 App. Div. 375; *Hinsdale* v. *Bankers Life Ins. Co.*, 72 App. Div. 180; *Chapuis* v. *Long*, 77 App. Div. 272; *Kirsop* v. *Mutual Life Ins. Co.*, 87 App. Div. 170; *Helene* v. *Corn Exchange Bank*, 96 App. Div. 392; *St. John* v. *Union Mutual Life Ins. Co.*, 132 App. Div. 515.) So far as there are authorities to the contrary they are overruled.

We concur in the dissenting opinion herein written at the Appellate Division (*Pouch* v. *Prudential Insurance Co.*, 146 App. Div. 612, 616), by LAUGHLIN, J., in which he says: "Where, as here, a statutory provision has received judicial construction, which has been long acquiesced in, I am of opinion that such construction should be adhered to, and that it should be left to the Legislature to amend the law if a change should be deemed necessary. Unless, in the administration of our law, precedents are to be disregarded, and judges and courts are to be free to decide questions of practice and law on their own view uninflu-

enced by precedents, I am of opinion that the long established construction of section 820 of the Code of Civil Procedure should be followed."

In 1908 the Legislature added to the Code of Civil Procedure section 820a (Laws of 1908, chap. 285) relating to an action of interpleader, and in doing so authorized a debtor to bring suit when a sum of money shall be due and payable under or on account of a contract "and the whole or any part thereof exceeding fifty dollars in amount shall be claimed or demanded by adverse claimants thereto."

The language used is so similar to the language of section 820, relating to interpleader by order, that it must be assumed that the Legislature intended that it should be construed as the language of section 820 had so long been construed. Statutes are presumed to be enacted by the Legislature with knowledge of the decisions of the courts construing the language used therein unless it expressly appears that the construction given by the courts was not intended.

The orders of the Appellate Division and Special Term should be reversed, with costs, and the motion denied, with costs, and the question certified answered in the negative.

HAIGHT, J. (dissenting). This action was brought to recover the amount of an insurance policy issued by the defendant upon the life of Robert H. Pouch, who died May 17th, 1911. The defendant thereupon, upon an affidavit showing that one Eliza Hargreaves, as administratrix, etc., of Robert H. Pouch, deceased, had presented a claim to the defendant and demanded that the amount due upon the policy of insurance upon which the plaintiff's action was founded, should be paid to her as such administratrix, and that this claim was made without collusion on the part of the defendant, moved the court at Special Term for leave to interplead Eliza Hargreaves,

as administratrix, as a party defendant, and that it be permitted to pay into court the amount due upon the policy, and be relieved from further defense of the action. This motion was granted, and the order has been affirmed in the Appellate Division. It is now contended that the Special Term had no power to grant the order, for the reason that the moving affidavits on the part of the defendant do not disclose any facts showing the grounds upon which the claim of the administratrix was founded. The motion was made under section 820 of the Code of Civil Procedure, and no question is made but that the affidavits state every fact that is required by the express provisions of that statute. It is contended, however, that this provision of the Code was not intended to create a new ground for interpleader, but was designed to enable a defendant in an action by motion to bring in as a party defendant, in a summary way, the adverse claimants against whom the ancient action of interpleader could have been maintained. We then have our attention called to a long list of decisions in which it has been often held that in an action of interpleader facts must be alleged tending to show the nature of the claim of the rival parties so that the court could determine that the rival claims were of such a character as to render it hazardous for the debtor to pay either claim without having the rights of the claimants judicially determined. And then our attention is called to the dissenting opinion below to the effect that "where, as here, a statutory provision has received judicial construction, which has been long acquiesced in, .I am of opinion that such construction should be adhered to, and that it should be left to the Legislature to amend the law if a change should be deemed necessary." To all this I fully assent, but the difficulty with this case is that the legislature by chapter 285 of the Laws of 1908 (Code Civ. Pro. § 820a), taking effect September 1st, 1908, has deemed it necessary to change the law in regard to the question alluded

to. It has now made the common-law action by interpleader a statutory remedy in which it has provided that after such an action has been brought by service of the summons and complaint upon all the claimants the plaintiff may make application by petition or upon affidavits for an order permitting and directing the plaintiff to pay the amount into court and upon satisfactory proof by affidavit or otherwise as the court may require of the facts alleged in the complaint that the whole or part of the debt is claimed adversely by the defendants without any collusion on the part of the plaintiff, the court may make an order for the payment of the amount of the fund into court, and upon making such payment that the plaintiff shall stand discharged from further liability.

We now have a provision of the statute which distinctly refers to the facts necessary to be shown in an action of interpleader in order to permit the plaintiff to bring the money into court and be discharged from further liability. These facts are the same as those required by section 820 of the Code where an order of interpleader is sought by the debtor after an action has been brought by one of the claimants. The requirements in each case are the same, and they are, therefore, now in harmony. It is apparent that the legislature in enacting section 820a of the Code intended to relax the rule that previously obtained with reference to actions of interpleader and to relieve the plaintiff in such actions from the burden of showing the grounds upon which rival claimants may rest their claims. Claimants cannot be required to disclose the facts upon which their claims are made until it becomes necessary in the prosecution of an action. Claimants may conspire with each other and thereby charge the debtor twice over. The compelling of a debtor to pay a claim twice over, which occasionally results, shocks the idea of justice as it commonly exists. (*Gleason* v. *N. W. Mut. Life Ins. Co.*, 203 N. Y. 507.) It is not surprising, therefore, that the

legislature, in its wisdom, has seen fit to relax the rule in actions of interpleader.   The rule having been relaxed in such actions the reasons for the construction of section 820 of the Code, by reading into its provisions the intent that it should conform to the practice then existing with reference to actions of interpleader, no longer exists, the statute in each case now being harmonious and the facts necessary to be stated in each case the same.

In *Western Commercial Travelers' Assn.* v. *Lange-heineken* (139 App. Div. 592) the Appellate Division of the first department has considered the meaning of the new provision of the Code, section 820a, as enacted by the Laws of 1908, and reached the conclusion that, where an insurance company, holding moneys demanded by adverse claimants, brings an action of interpleader under that section of the Code it is entitled to pay the money into court and be discharged from liability to the various claimants by simply showing that the whole or a part of the debt is claimed adversely by the defendants without collusion on the part of the plaintiff and that it was not necessary to allege or prove the validity of the adverse claims.   It appears to me that there is no escape from this conclusion.   The statute means that or else it means nothing, and only becomes so much waste paper, for it is, not pretended that it changes the rule that obtained with reference to actions of interpleader in any other particular.

In this case we have an application for leave to interplead made by a defendant in the action, in which the application conforms to the letter of the Code and supplies every fact required thereby.   The provisions of the Code are to the effect that the court may, in its discretion, make such order upon such terms as to costs and payment into court as may be just. .The court at Special Term is thus vested with the discretion, under the provisions of the Code, to make or withhold the order. It may require further facts to be shown in its discretion,

but inasmuch as the facts required by the Code have been stated the court acquired jurisdiction over the persons and the subject-matter. The Appellate Division, being a part of the Supreme Court, had the power to review the discretion of the Special Term judge, but this court, under the Constitution of 1894, is limited to the review of questions of law only and we have no jurisdiction to review discretionary orders of the court below.

The appeal should, therefore, be dismissed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and COLLIN, JJ., concur with CHASE, J.; VANN, J., concurs with HAIGHT, J.

Orders reversed, etc.