IRMA ROSEN, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, and SAMUEL ROSEN, Appellant.— Appeal from an order of interpleader impleading the appellant as defendant in place of Equitable Life Assurance Society, and discharging the said society from liability to any of the parties upon payment into court of the proceeds of the policies in suit. Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, without prejudice to a renewal of the motion for interpleader upon proof of facts showing that plaintiff's claim to the proceeds as assignee has some reasonable foundation in fact and in law, and without prejudice to an application to add appellant as a party to the action pursuant to the provisions of the Civil Practice Act (§ 193, subds. 1, 3), as the parties may be advised. On this motion for interpleader the moving party simply alleged that while appellant was the named beneficiary at the time of the insured's death, plaintiff has asserted a claim to the fund by virtue of an assignment. Other than the bald allegation in plaintiff's complaint that the policies were assigned to her and the repetition thereof by the insurance company, no facts are shown indicating the validity of the alleged assignment. The mere assertion of a claim by another without alleging anything whatever on which to base it is not enough to warrant interpleader. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281; *Hinsdale* v. *Bankers' Life Ins. Co.*, 72 App. Div. 180; *Lateer* v. *Prudential Ins. Co.*, 64 id. 423. Cf. *Community Volunteer Fire Co.* v. *City Nat. Bank*, 171 Misc. 1027.) Carswell, Johnston and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm on the authority of *Pouch* v. *Prudential Ins. Co.* (204 N. Y. 281, at p. 286).