ELEANOR BODEN, Appellant, *v.* LEO ARNSTEIN, as Commissioner of Welfare of the City of New York, Respondent, and ROSE SHORINSKY, as Administratrix of the Estate of HARRY SHORINSKY, Deceased, Interpleaded Defendant, Respondent.

Second Department, November 1, 1943.

*Philip Weiss* (*Simon A. Pode* with him on the brief), for appellant.

*Murray Sendler* (*Ignatius M. Wilkinson, Corporation Counsel; Paxton Blair* with him on the brief), for respondent Leo Arnstein, as Commissioner, et cetera.

*Isaac Weinberg* and *Grace H. Connell* for respondent Rose Shorinsky.

*Per Curiam.* Plaintiff alleges in her complaint that one Harry Miller, an employee of the Borden's Farm Products Co., was insured under a group insurance policy issued on his life and the lives of other employees of said company by the Equitable Life Assurance Society in the sum of $3,000, and that she was named as the beneficiary therein; that plaintiff and said Miller, who maintained a home together, applied to the Department of Welfare of the City of New York for relief and that such relief was granted on condition that plaintiff and Miller secure to the Department the repayment of any amount due or to become due because of such relief; that at the request of the Department the beneficiary in the policy was changed and the Department was designated as beneficiary therein to secure such indebtedness; that such change was effected with the understanding and upon the condition that, if the policy became payable by reason of the death of Miller, the Department would retain out of the proceeds of the policy a sum sufficient to reimburse the Department for its disbursements and pay over the balance to plaintiff; that it was understood that such change would have the effect of a pledge to the Department of the proceeds of the policy to the extent of the moneys disbursed for home relief and that plaintiff should remain the beneficiary of any residue.

All of these allegations are admitted by respondent Arnstein in his answer and, in substance, are realleged in his first separate and distinct defense. In addition, Arnstein alleges in his answer that after the death of said Miller (who was also known as Harry Boden and Harry Shorinsky) letters of administration were issued upon his estate to one Rose Shorinsky, the wife of Boden (alias Miller); that said Rose Shorinsky

makes claim to the proceeds of said policy as the wife and administratrix of said Boden. The answer further alleges that respondent Arnstein is ready and willing to pay the balance of the proceeds to the persons legally entitled thereto; that he is unable to determine the validity of the claims of the respective disputants and is indifferent as to which of said claimants succeeds, but is involved in the hazard of defending this action and some other action. He offers to bring the proceeds of the policy into court, to be disposed of as the court may direct, and asks that the administratrix of said Boden be interpleaded as defendant.

Upon the complaint and the answer plaintiff moved for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. Respondent Arnstein, on the pleadings and an affidavit of his counsel reiterating the allegations of the complaint and his answer, moved for an order of interpleader.

As between plaintiff and respondent Arnstein a trust relationship that entitles her to judgment upon the admitted facts is plainly established, unless the record shows that defendant Arnstein was in real danger of becoming liable to both plaintiff and the interpleaded defendant. The interpleaded defendant, Rose Shorinsky, filed an affidavit in opposition to the motion to interplead, but now seeks to support the order. In her affidavit in opposition to the motion to interplead she states that as administratrix of the insured she has made claim upon the city of New York for the proceeds. She denies any knowledge or information that plaintiff was the named beneficiary in the policy and of the alleged agreement with respondent Arnstein. She states that she was the original beneficiary named in said policy. However, attached to the affidavit of plaintiff in opposition to the motion for interpleader is a certificate of the insurance company to the effect that plaintiff was named as beneficiary. The interpleaded defendant denies the right of the Department of Welfare to reimbursement from the proceeds of said insurance. These bare denials and allegations create no issue. Nor do they establish that there is any possible basis for the claim to the moneys made by the administratrix of the estate. (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281.)

The order denying plaintiff's motion for judgment on the pleadings should be reversed on the law, with ten dollars costs and disbursements to appellant, payable by respondent Arnstein, as Commissioner, et cetera, and the motion granted, without costs. The order granting respondent Arnstein's motion for an order of interpleader should be reversed on the law, without costs, and the motion denied, without costs.

CLOSE, P. J., CARSWELL, JOHNSTON, TAYLOR and LEWIS, JJ., concur.

Order denying plaintiff's motion for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements to appellant, payable by respondent Arnstein, as Commissioner, et cetera, and the motion granted, without costs.

Order granting respondent Arnstein's motion for an order of interpleader reversed on the law, without costs, and the motion denied, without costs.