In the Matter of COLUMBIAN PROTECTIVE ASSOCIATION, Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, Respondent.

Argued January 3, 1944; decided March 2, 1944.

*John A. Millener* for appellant. The Local Laws enacted by the City of New York when they refer to insurance companies refer expressly to mutual or stock companies. The Act does not mention or refer to co-operative assessment associations. Therefore, it was not the intention of the City of New York to tax co-operative assessment associations. (*Matter of Good Humor Corporation* v. *McGoldrick,* 289 N. Y. 452; *Gould* v. *Gould,* 245 U. S. 151; *People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51; *Matter of Holmes Electric Protective Co.* v. *McGoldrick,* 262 App. Div. 514, 288 N. Y. 635.)

*Ignatius M. Wilkinson, Corporation Counsel (Samuel J. Warms, Arthur H. Goldberg, Edmund B. Hennefeld* and *Isaac C. Donner* of counsel), for respondent. Co-operative companies are mutual companies. (*Pink* v. *Town Taxi Co.*, 138 Me. 44; *Mygatt* v. *New York Protective Insurance Company*, 21 N. Y. 52; *Filley* v. *Illinois Life Ins. Co.*, 93 Kan. 193; *State* v. *Willett*, 171 Ind. 296; *Fire Ins. Co.* v. *Surgett*, 120 Ill. 36; *Spruance* v. *Farmers & Merchants Ins. Co.*, 9 Col. 73; *Penn Mutual Co.* v. *Lederer*, 252 U. S. 523.)

Conway, J. The petitioner was incorporated in 1883 pursuant to Laws of 1848, chapter 319. It is a co-operative assessment association. During the period involved in this proceeding it was governed by former article 6 of the Insurance Law entitled "Life or casualty insurance corporations upon the co-operative or assessment plan". It was organized for the following purposes: " a. To Unite Fraternally all persons of good moral character and of sound bodily health between the ages of five and sixty-five years; b. To Give all moral and material aid to its members and those dependent upon them; c. To Establish a fund from which on satisfactory evidence of the sickness or death of a member of the Association who has complied with all its lawful requirements to pay a sum as *pro rata* of the weekly payments to his family, children or dependents as such member may direct." No article 6 corporations may now be organized.

The question presented for our consideration is whether the petitioner is subject to a business tax under Local Laws No. 29 of 1936 and No. 22 of 1937 which were enacted pursuant to power granted to the City of New York by Laws of 1934, chapter 873. The two Local Laws provided for the imposition of an excise tax for the privilege of carrying on business within the City of New York. In Local Law No. 29 of 1936 it was provided in section 2 (and a similar provision is found in Local Law No. 22 of 1937): "(b) For the purpose of determining receipts from the business of insurance, such receipts shall be taken to mean receipts from premiums received in New York city, *whether by mutual or stock companies,* domestic or foreign. *  *  *.*" (Italics supplied.)

The question presented is a narrow one. The Local Laws refer to "mutual or stock companies". Are those words to be considered as including all insurance companies of whatever nature or description? Originally, with reference to a similar Local Law of 1934, the Comptroller of the City of New York issued a regulation under authority conferred upon him by the Local Law declaring that "Fraternal, Insurance Societies or corporations organized for the purpose of transacting the business of life insurance upon a co-operative or assessment plan * * *" were exempt. The Corporation Counsel of the City of New York rendered opinions ·– 1934 and 1935 advising the Comptroller that "corporations organized pursuant to Article 6 of the Insurance Laws of the State of New York" were not subject to the tax. We think that position was correct. The city legislative body derived its authority in enacting the applicable Local Laws from the State Legislature. The State Legislature had exempted fraternal benefit societies by Insurance Law, section 246 (present § 468). Those fraternal benefit societies are insurance corporations. The Legislature, in the Insurance Law of our State, has not classified all insurance corporations as either stock or mutual even though all insurance corporations must partake of the nature of either of those two forms. Prior to 1940, in addition to stock corporations under articles 2, 3, 4, 5, and 9A of the Insurance Law and conventional mutual corporations under articles 2, 5A, 10A and 10B, there were, for instance, fraternal benefit societies under article 7, article 6 corporations, such as petitioner, retirement systems and pensions under article 6B, co-operative fire insurance corporations under article 9, Lloyds and inter-insurers under article 10, and non-profit hospital service plans under article 14. The Legislature may create as many different kinds of insurance corporations as it desires. This it has done. Thus, impliedly under Insurance Law, section 117 prior to 1940, and now expressly by sections 314 and 342, stock casualty, surety, fire and marine insurance corporations may include in their charters provisions "authorizing the board of directors to permit its [their] policyholders from time to time to participate in the profits of its [their] operations through the payment of dividends to policy holders."

It can be argued that fraternal benefit societies are exempt from taxation because they are charitable institutions (Insurance Law, § 246, now § 468) and as such are specifically exempted by another provision of the Local Laws under consideration. That would make even more clear the fact that the words of the Local Laws "whether by mutual or stock companies" are not all inclusive. For whether fraternal benefit societies are exempt because of the Insurance Law or because they are charitable organizations under the Local Laws, they were not intended to be included under the term "mutual" in the Local Laws. So soon as it appears that "mutual" as used in the Local Laws does not include all types of insurance corporations other than stock corporations, it becomes apparent that "mutual" means that class of corporations specifically denominated "mutual" in our Insurance Law. The respondent City of New York argues: "The term 'mutual' is used in the local laws in its general and broader sense as judicially defined, which includes co-operatives within its meaning. There is no rule which calls for ascribing to a term used by one legislative body, the meaning ascribed it by another legislative body or even a meaning ascribed to it by the same body in a wholly different law and context." On the contrary, in this instance, we think that where one legislative body — the Legislature of the State — enacts an enabling statute permitting the legislative body of a city to pass a tax law, the latter legislative body acting for the city — which is but a creature of the State — must be held to have used definitive terms in its local laws with the meaning and definition given and ascribed to those terms by the State Legislature when it created, defined and used them.

The order of the Appellate Division should be reversed and the determination of the Comptroller of the City of New York annulled, with costs in all courts.

RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and THACHER, JJ., dissent.

Order reversed, etc.