Van Voorhis, J.
A final determination by the Coinptroller of the City of New York, made after a hearing, is under review, assessing petitioner with $7,372.84 in unpaid general business taxes with interest and penalties for the period from May 22, 1934, to June 30, 1942, inclusive. During those years general business taxes were imposed by various local laws of New York City that were adopted pursuant to special enabling acts of the Legislature.* Since 1941, the subject has been covered by article *483 2-B of the General City Law. It is not necessary to analyze these enactments in detail, since their essential features are the same insofar as concerns the question which is presented in this proceeding. They provide for the taxation of receipts from commercial or business transactions had in New York City. Taxable receipts from the business of insurance are defined to mean “ receipts from premiums received in New York city.” The latter phrase has been interpreted to refer only to transactions by insurance companies arising from New York City. The language was amended in 1938 so as to express the same idea more precisely by describing the tax as applicable to “ receipts from premiums received from risks in the city.”
At all of the times in question petitioner paid the general business taxes in respect to its receipts from premiums on policies of life insurance. It did not include in the amount of premiums reported on its municipal tax returns, however, receipts from agreements for the payment of annuities. The comptroller has held that such receipts are also “ premiums ”, and that they are therefore taxable. The taxability of annuity receipts by petitioner is the sole issue herein.
This question is not new in the jurisprudence of the State. Section 187 of the Tax Law, adopted in its original form in 1896, placed a State franchise tax on insurance corporations measured by á percentage on premiums from risks located or resident in New York State. The State Tax Commission at first ruled that life insurance companies were liable to pay this tax "with respect to money received from sales of annuities. In People ex rel. Metropolitan Life Ins. Co. v. Knapp (193 App. Div. 413, affd. on opinion of H. T. Kellogg, J., 231 N. Y. 630) it was held that such moneys did not fall into the category of “ premiums ” within the meaning of that word as it had been used in the Tax Law. Receipts from annuity contracts were held to be nontaxable under section 187. That section was amended by chapter 530 of the Laws of 1937 so as to make explicit the construction which had been placed upon it in People ex rel. Metropolitan Life Ins. Co. v. Knapp (supra) by adding to subdivision 2: “ The term ‘ premiums,’ as used in this subdivision, shall include all amounts received as consideration for insurance contracts, other than as consideration received for annuity contracts.” It is apparent that in the adoption of a similar type of tax for New York City, the same construction was intended to be placed upon the term “ premiums ” as that which had been ascribed to it by the Court of Appeals in 1921, and which was made explicit by the amendment *484 to the Tax Law in 1937. It is a familiar canon of construction of statutes that they are presumed to have been enacted by the Legislature with knowledge of previous judicial construction of the language used (Pouch v. Prudential Ins. Co., 204 N. Y. 281). This canon of construction has . been applied to local laws, and, indeed, to several of the same local laws- now sub- judiee (Matter of Columbian Protective Assn. v. McGoldrich, 292 N. Y. 171, 175), in which case the Court of Appeals said that “ where one legislative body — the Legislature of the State — enacts an enabling statute permitting the legislative body of a city to pass a tax law, the latter legislative body acting for the city — which is but a creature of the State — must be held to have used definitive terms in its local laws with the meaning and definition given and ascribed to those terms by the State Legislature when it created, defined and used them;”
The comptroller was not authorized, therefore, to determine that receipts from annuity contracts constitute premiums.
If not premiums, it has been argued in behalf of" respondent that they are not “ receipts from the business of insurance,” and are consequently taxable as receipts from some other type of commercial or business transactions had in the city. This contention cannot be upheld. The making of agreements to pay annuities is enumerated as one of the “ kinds of insurance * * * authorized ” by section 46 of the Insurance-Law, which means that it is a variety of business thát can only be conducted by an insurance company (§ '40) under the supervision of the superintendent of insurance (§10). It is comprehended within the general classification of “ the business of insurance ” as that expression is employed in the applicable local laws and enabling acts. The only tax which they impose upon “ the business of insurance ” is measured by “ receipts from premiums received.” Since these items were not such, they were not taxable under these local laws during the period in question.
The determination of the respondent as Comptroller of the City of New York which is under review should be annulled, with $50 costs and disbursements to the petitioner.
Glennon, Dore, Callahan and Peck, JJ., concur.
Determination unanimously annulled, with $50 costs and disbursements to the petitioner. Settle order on notice.

Enabling Acts of State Legislature Ch. 302, Laws of 1934 Ch. 873, Laws of 1934 Ch.' 601, Laws of 1935 Ch. 414, Laws of 1936 Ch. 327, Laws of 1937 Ch. 444, Laws of 1938 Ch. 659, Laws of 1939 Ch. 245, Laws of 1940 Ch. 199, Laws of 1941 Amendments to ?ch. 873, Laws of 1934 Local Laws of City of New York No. 9, Laws of 1934 No. 17, Laws of 1934 [published as No.-18] No. 32, Laws of 1935 No. 29, Laws of 1936 No. 22, Laws of 1937 No. 20, Laws of 1938 No. 103, Laws of 1939 No. 78, Laws of 194Q No. 47, Laws of 1941